WILLIAM N. WILKERSON *v.* WILLIAM A. JENKINS, ADM'R.

1. JURISDICTION.   *Code* 1892, § 650.   *Trespass on land.   Change of venue. Consent.*

> Jurisdiction of a local civil action, under code 1892, § 650, cannot be transferred by an attempted change of venue resting alone on the consent of parties. *Wessinger* v. *Mauser*, 75 Miss., 64, explained.

2. JUDICIAL OPINIONS.   *Construction.*

> The opinions of courts must be construed in the light of the facts of the cases in which they are delivered.

FROM the circuit court, second district, of Coahoma county.

HON. F. A. MONTGOMERY, Judge.

Lula Jenkins, appellee's intestate, instituted this suit, an action of trespass on land, in her lifetime. After her death it was revived in the name of, and prosecuted by, William A. Jenkins, her administrator, who became the plaintiff in the court below; Wilkerson, the appellant, was defendant there. The facts are stated in the opinion of the court.

*Frank Johnston* and *Moore & Clark*, for appellant.

.The two courts of Coahoma county are as separate and distinct and independent of each other as if the circuit courts of two different counties. Code of 1892, § 659.

If the land is situated in the first district, then that court had jurisdiction of the case, and having the jurisdiction it had no

power, or authority, to transfer the case, with or without the consent of the defendant.

If the land is not in the first district, then that court had no jurisdiction under § 650 of the code of 1892, and could not, therefore, confer the jurisdiction on another court by an order transferring the cause to the latter court. Code of 1892, § 650.

The last clause of § 650 of the code of 1892 is the only statutory provision relating to a change of venue in civil causes, except for local prejudice, which is regulated by § 655 of the code, and reads as follows:

"If a citizen resident in this state, shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence." Code of 1892, § 650.

And this statute is applied by § 659 to counties having two circuit court districts. The transfer in this case was not made under the statute quoted above, nor was it under the provisions of § 655.

It could not have been made under the provisions of § 650, for it is not a "personal" but a "local" action. There is no statute which authorized the transfer of this cause to the circuit court of the second district of Coahoma county.

The jurisdiction that a circuit court possesses in respect to cases transferred to it by another circuit court, is statutory, and therefore limited by the terms of the statute. The doctrine of universal acceptance is that where a statutory jurisdiction is given to a court, the terms and provisions must be at least satisfactorily complied with and pursued. *Wilson* v. *Rodenald*, 49 Miss., 506; *Baum* v. *Burns*, 66 Miss., 124.

Section 14 of the act of February 19, 1892, creating the second judicial district of Coahoma county, has no application to this case. Laws of 1892, p. 369. The operation of this statute was limited to causes pending at the time of the passage of the act.

The case of *Wessenger* v. *Mausur*, 75 Miss., 64, referred to

and relied upon by counsel, was pending in the circuit court of Coahoma county before the passage of the statute of February 19, 1892.

We do not understand that *Nelson* v. *Rodenald*, 49 Miss., is overruled by *Wessenger* v. *Mausur*, 75 Miss., as to ejectments or as to the action of trespass *quare clausam fregit*, but that the rule announced in the latter case is that in attachment suits the venue may be changed under § 650 of the code.

*D. A. Scott*, for appellee.

The venue of suits commenced in Coahoma county, Mississippi, is provided for in sec. 13, chap. 93, p. 362, laws of 1892, from which it will be seen that in the first instance this suit could have been commenced in either the first or the second district of said county, and if improperly brought in one or the other of said districts, upon motion of the defendant it would have been transferred for disposition to the proper district, but could not have been dismissed.

In discussing this identical question, Chief Justice Woods says: "The contention of counsel as to the want of jurisdiction in the circuit court of Leflore county, and its powerlessness of consent to confer jurisdiction, grows out of the confusion of the question of jurisdiction with another and quite distinct question, viz.: Can the venue be changed by consent?" *Wessenger* v. *Mausur*, 75 Miss., 64.

Terral, J., delivered the opinion of the court.

The plaintiff below, the intestate of the appellee, sued the appellant in the circuit court of the first district of Coahoma county in an action of trespass *quare clausum fregit* of lands lying in said first district. Afterwards, by consent of the parties, the cause was removed for trial to the second circuit court district of said county, where the plaintiff below had judgment. The defendant below appeals, and assigns the removal of said cause from the first to the second district as error.

The action here is a local action, and by § 650, annotated code, the jurisdiction for the trial of the case is in the circuit court of the said first district, where the lands lie. The removal of the cause by consent from the circuit court of the first to that of the second district did not give the latter court jurisdiction. Consent cannot give jurisdiction of the subject-matter, for that is fixed by the statute. Some expressions of the court in *Wessenger* v. *Mausur,* 75 Miss., would indicate that the court was of the opinion that a local action could be transferred from one county to another by consent, and *Wilson* v. *Rodewald,* 49 Miss., so far as it is in conflict with *Wessenger* v. *Mausur,* is stated to be overruled. *Wessenger* v. *Mausur,* however, was a transitory, not a local, action, and was properly decided; but what was said in that case as to local actions, and as to *Wilson* v. *Rodewald,* 49 Miss., is a mere *obiter dictum.* The true rule of construction is that the opinion of the court is to be construed in the light of the facts of the case, and by this rule the expressions of the court in the *Wessenger* v. *Mausur* case, in reference to local actions, are *obiter dicta.*

The judgment herein is a nullity, and it is reversed, and the case is remanded to the circuit court of the first district of said county.

*Reversed and remanded to first district court.*