CAROLINE O. SMITH, ADMINISTRATRIX, *v.* EUGENE N. T. EUBANKS.

[43 South. Rep., 81.]

JUDGMENTS. *Suits upon.* Code 1892, § 2395. *Jurisdiction. Justices of the Peace.*

Under Code 1892, § 2395, fixing the territorial jurisdiction of justices of the peace, and providing that every freeholder or householder of the county shall be sued in the district in which he resides, a suit cannot be brought upon a judgment in the justice's court which rendered it, where the sole defendant has removed to another county, but must be brought in the justice's court of the district and county of defendant's residence.

FROM the circuit court of Attala county.

HON. J. T. DUNN, Judge.

Mrs. Smith, administratrix of the estate of George W. Smith, deceased, was the plaintiff in the court below; Eubanks, the appellee, was defendant there. From a judgment in favor of defendant the plaintiff appealed to the supreme court.

Plaintiff's intestate in 1897 recovered a judgment against the defendant, Eubanks, for $57.63, interest and costs, before the mayor of Kosciusko, an *ex officio* justice of the peace in and for supervisor's district number one of Attala county. Eubanks was at the time a resident of Attala county, and had contracted the debt upon which the judgment was rendered in

the town of Kosciusko, in district number one of Attala county. The judgment was never satisfied. Subsequently Eubanks became a resident of Leake county. In 1904, after the death of the judgment creditor, his administratrix, the appellant, instituted this suit against Eubanks on the judgment in the court in which it was rendered, although Eubanks was, and had been continuously for over a year, a resident freeholder and householder of Leake county. On defendant's motion the suit was dismissed for want of jurisdiction. The administratrix appealed to the circuit court, where, upon a trial on an agreed statement of facts before the court, a jury being waived, the suit was dismissed, the circuit court holding that it was without jurisdiction, since the mayor's court had none.

*Luckett & Guyton,* for appellant.

There is only one question presented by this appeal, and that is, whether Noah, the mayor of Kosciusko, and the successor in office of Runnells, former mayor, before whom the original judgment against Eubanks was rendered, had jurisdiction to try the suit filed by the administratrix of the estate of the original judgment creditor to revive the former judgment.

We submit that the court rendering the former judgment against a defendant, or any justice of the peace of the district wherein the defendant subsequently resides, has jurisdiction to render a judgment reviving the former judgment in a suit brought by the administrator of the former judgment creditor. Before the decision of the case of *Wise* v. *Thread,* 84 Miss., 200 (s.c., 36 South. Rep., 344), it seemed to be the generally accepted view that the court which rendered the original judgment could alone have jurisdiction to revive the judgment. But now it seems to be an open question whether the original court, or any justice's court of the district in which defendant may at the time of suit to revive be subsequently residing, or both courts concurrently, have jurisdiction.

Justice TRULY, in the case above cited, said that the contention that jurisdiction was vested exclusively in the court where judgment was rendered, was unsound. But his opinion nowhere indicates that the court rendering the former judgment did not have subsequent jurisdiction in suit to renew the judgment; for that question was not before the court in the case.

The purpose of the administratrix in bringing suit against Eubanks was to revive the judgment in her name, and this course was permissible under Code 1892, § 3480. While it is true that under Code 1892, § 3475, execution could have been had without revivor, yet if the administratrix chose to revive, she had a right to elect her course.

If this was a suit to revive, and it was certainly so intended, the mayor had jurisdiction. 18 Am. & Eng. Ency. Pl. & Pr., 1063, sec. 5, notes; Freeman on Judgments, sec. 442 *et seq.;* *McLeod* v. *Harper,* 43 Miss., 42.

Counsel for appellee relies upon three cases, *Cain* v. *Simpson,* 53 Miss., 521; *Hilliard* v. *Chew,* 76 Miss., 763 (s.c., 25 South. Rep., 489), and *Wise* v. *Thread, supra;* and also upon Code 1892, § 2395, in regard to jurisdiction of justices of the peace. In the first two cases the issue was as to the jurisdiction of a justice of the peace in an original suit to collect a debt, and the ruling of the court in each case was manifestly correct. But these cases cannot have application here, because it is not denied that the mayor's court had jurisdiction when it rendered the original judgment which this suit by the administratrix seeks to revive by *scire facias* under Code 1892, § 3480. The mayor's court, having jurisdiction originally, could not lose it until the judgment was satisfied or barred by statute. Under the circumstances the administratrix was pursuing the proper method to revive the judgment. *Buckner* v. *Pipes,* 56 Miss., 336; Code 1892, § 762.

The *Cain case* and the *Hilliard case* do not apply here, because they each involved a suit on contract, while this is a suit

to revive a judgment. A judgment is not a contract. *Berkson* v. *Cox,* 73 Miss., 339 (s.c., 18 South. Rep., 934); Freeman on Judgments (3d ed.), 422, 444.

In the third case cited by opposing counsel, *Wise* v. *Thread, supra,* construing Code 1892, § 2395, the court held that it was proper, in a suit on judgment, to bring action in the justice's court of the district in which defendant resided. But the court nowhere intimated that the court which rendered the original judgment would not have a concurrent jurisdiction. Certainly the judgment creditor is not required to follow the judgment debtor into every county and district where he may possibly be found at the end of every seven years' period, at the expense of procuring a certified copy of the judgment and enrolling it in the county and district where the defendant has finally settled, when the court which rendered the judgment still has jurisdiction.

*S. L. Dodd,* for appellee.

The judgment of the court below should not be disturbed, for the construction of Code 1892, § 2395, is very plain. It states that "the jurisdiction of every justice of the peace shall be co-extensive with his county, and he may issue any process in matters within his jurisdiction, to be executed in any part of his county; but every freeholder or householder of the county shall be sued in the district in which he resides, if there be a justice acting therein and qualified to try the suit, or in the district in which the debt was contracted, the liability incurred, or in which the property may be found."

The above section is mandatory. It will be observed that the agreed statement of facts in this case shows that the appellee, Eubanks, was a freeholder and householder of Leake county, having lived there for more than a year prior to the filing of the suit by the administratrix. The agreement further shows that there were two justices of the peace

in the district of Leake county wherein appellee resides who are qualified to try any suit against appellee. Appellant accordingly should have followed the provisions of Code 1892, § 759, providing for the enrolling of a judgment in other counties, and should have enrolled her intestate's judgment against the appellee in the office of the clerk of the circuit court of Leake county, and then have begun her suit against appellee in district number one of Leake county, the residence of appellee. *Cain* v. *Simpson*, 53 Miss., 521; *Hilliard* v. *Chew*, 76 Miss., 763 (s.c., 25 South. Rep., 489).

The court's attention is especially called to the case of *Wise* v. *Thread*, 84 Miss., 200 (s.c., 36 South. Rep., 244). Note the language of the opinion: "This position assumed by counsel for appellant, that because this was a suit to renew a judgment, jurisdiction was vested exclusively in the court in which the judgment was originally rendered, is unsound."

It is evident that the suit by Mrs. Smith, administratrix, is a suit upon a judgment, an entirely new and independent action, as original in its nature as an action to recover on a promissory note, and it is apparent that jurisdiction could only vest in a justice of the peace of district number one of Leake county, the residence of appellee.

Opposing counsel intimate that the court has a right to hold that a debtor in judgment can be sued either in the court where the record of judgment is, or in the district or county of his residence. But it is apparent that such view does violence to the last cited authority, and is, moreover, in direct conflict with Code 1892, § 2395, above quoted.

The authorities cited by opposing counsel are not in point. The only Mississippi authority cited, *McLeod* v. *Harper*, 43 Miss., 42, was decided on an entirely different state of facts.

MAYES, J., delivered the opinion of the court.

The record in this case shows that on the 2nd day of November, 1897, G. W. Smith recovered a judgment against Eubanks

before the mayor of Kosciusko, an *ex officio* justice of the peace in district number one of Attala county. The judgment was for the sum of $57.63, with costs, and ten per cent interest per annum from date. This judgment was never satisfied. Some time afterward G. W. Smith died, and Mrs. Smith was appointed his administratrix on the 3rd day of December, 1903. On the 4th day of November, 1904, the administratrix brought suit on this judgment in the mayor's court of Kosciusko in district number one of Attala county; that is to say, she brought suit in the justice's court of the district in which the original judgment was rendered.

The suit instituted by the administratrix, as shown by the record, is an original action of debt on the judgment formerly rendered for $57.63, wherein she demands judgment against Eubanks for said sum and costs, together with ten per cent interest per annum from the 2nd day of November, 1897, until paid. The action is not one to revive the former judgment by a *scire facias,* but is a new action on the judgment formerly rendered. At the time Mrs. Smith, as administratrix, instituted her suit the agreed facts show that Eubanks was a resident in district number one of Leake county. It is also agreed in the record that the debt was contracted in the county and the district wherein the suit is brought and the judgment was formerly rendered. In other words, Mrs. Smith, as administratrix, undertakes to bring this suit in the justice's district of Attala county, where the judgment was first rendered and the debt contracted, though at the time she instituted number one.

The question in the case is, can the administratrix bring the suit in the district of Attala county wherein the debt was contracted and the former judgment rendered, or should she have this suit Eubanks lived in Leake county, in justice district brought it in the justice's district of Leake county, where the defendant now resides? It would seem that the mere stating

of this proposition would carry with it the answer. The suit, being an original suit on the judgment, is only maintainable in the county and justice's district of the residence of the defendant. As this is not a proceeding by a *scire facias,* we express no opinion as to whether a judgment may be revived in the court of its rendition by a *scire facias,* when the defendant has moved from the county and district of the rendition of the judgment into another county at the time the revival is sought. Counsel for appellant contend in their argument that this suit is a suit to revive the judgment, but the record does not support this contention.

*Let the case be affirmed.*