## LEWIS *v.* SINCLAIR.

[88 South. 401, No. 21794.]

JUSTICES OF THE PEACE. *Jurisdiction in replevin as dependent on venue stated.*

Under section 4214, Code of 1906 (section 3043, Hemingway's Code), upon the filing of the required affidavit, any justice of thè peace may issue the writ of replevin returnable before a justice of the peace of the district where the property is held in possession by the defendant, but the venue in the action of replevin is regulated by section 4216, Code of 1906 (section 3045, Hemingway's Code), and where a writ of replevin is made returnable before a justice court of a district other than that in which the defendant resides or the property is located, the justice is without jurisdiction to hear and determine the cause.

APPEAL from circuit court of Pike county.

HON. D. M. MILLER, Judge.

Action by M. W. Sinclair against Mose Lewis. Judgment for plaintiff on appeal by defendant from a judgment before a justice of the peace, and defendant again appeals. Reversed, and action dismissed.

*F. D. Hewitt,* for appellant.

This is a suit of replevin, and there is a specific remedy and procedure set out in chapter 120 of the Code of 1906, and the venue of actions in replevin is fixed by statute section 4216, Code of 1906, as follows: "Action of replevin may be instituted in the circuit court of a county, or a justice's court of a district in which the defendant or one of several, or the property, or some of it, may be found, and all proper process may be issued to other counties or districts as the case may be."

This appellant, by the undisputed testimony of several witnesses, lived in the third district of Pike county, and the plaintiff himself says that he does not know, and did not know where the negro Mose Lewis lived, but that he got the horse in the possession of the negro and at his field.

The law is plain, and the evidence shows, that the appellee Sinclair, and the plaintiff below, did not follow the procedure laid down in the code in any particular to get possession of his property; therefore, not having had a trial according to law, appellant has been deprived of his property without due process of law.

The application of the elementary principles of the law to this case, are sufficient to reverse and dismiss it without argument. The procedure is plain in replevin suits, and the venue of action is so plain and simple that it is susceptible of only one construction, and that is, that it means what it says; that an action of replevin must be brought in the district of the defendant, or in the district where one of several live, and in this case only one man lived in it, or where the property, or some part of it was found. The defendant and the property lived in the third district of Pike county, and the action of replevin was brought in the fourth district of Pike county.

We submit that the case should be reversed and dismissed.

*E. G. Williams,* for appellee.

It is contended by appellant that the formal procedure as set out in chapter 120 of the Code of 1906, under replevin, that the venue of such suits should be in the district in which the property or some of it, or the defendant, may be found. However, under chapter 60, section 3043, of Hemingway's Code, under writs, it is provided that the affidavit thereof may be presented to the judge of the supreme court, circuit court, to the chancellor or a clerk of the circuit or chancery court, or to a deputy of such court, or to any J. P. or to the mayor of any city, town or village, and should be the duty of the officer to issue a writ to such personal property returnable as a summons before the circuit court, when the value is in excess of two hundred dollars, or the court of a proper J. P. if the value should not exceed that sum, and the affidavit should be returned

and filed in the proper court. The facts in this case show that the affidavit was filed before W. M. Gwin of the fourth district and made returnable to him, and the evidence shows that the property was then in the fourth district of said county, but on the call of said case, the appellee here, plaintiff there, immediately moved the court to amend his summons and writ and transfer all papers to the J. P. of the third district, which was done and which was a full, complete, compliance with said section, and the procedure, as therein provided, but when said suit was properly amended, and properly directed and properly transferred to the third district court appellant here, and defendant there, of his own motion had same transferred back to the court of W. M. Gwin, where said suit was originally instituted. However, that is immaterial whether said case was after having been filed in the fourth district ever made returnable to the third district for the reason that the defendant there, appellant here, entered his appearance to said cause, and by entering said appearance thereby waived any defects in the premises, when he appeared and filed an off-set or a counter-suit for damages, then he absolutely and without a question of a doubt, placed himself within the jurisdiction of the court and the court acquired full jurisdiction over the subject-matter. This court has even gone so far as to hold that even where defendants appear for the purpose of filing motion only to dismiss that thereby they enter their appearance to the jurisdiction of the court, and are only entitled to a continuance of said case until the next term of court. *Standard Oil Co. of Kentucky* v. *State,* 107 Miss. 377, 65 So. 468; *State* v. *Benson,* 108 Miss. 779, 67 So. 214; *Fischer* v. *Pacific Mutual Life Insurance Co.,* 112 Miss. 30, 72 So. 486.

We submit that the contention of the appellant, that this case should be reversed and dismissed, because of the failure of the plaintiff to make out a case under the statute, is wholly untenable, for the reason that the evidence conclusively shows that plaintiff there, appellee here, was entitled to the immediate possession of the property, be-

cause the purchase price thereof, or no part of same had ever been paid, and the officer's return and all papers being introduced in evidence show that the horse in question was seized while in the possession of defendant there, appellant here, and was properly valued by the officer. There is absolutely nothing in this case except a technical objection to the proper place where the original suit should have been first tried, there being no question but that the plaintiff there, appellee here, had a perfect and unquestionable right to institute suit anywhere, and the court before whom the affidavit was lodged, had a right to accept same, and direct to the proper court, wheresoever located.

The writs having been made returnable to the fourth district and later transferred to the third district court, where defendant there, appellant here lived, was a full, complete and exact compliance with the mode of procedure in said cases, and if there ever was any merit in defendant's contention he had then and there the unquestionable right, privilege, and opportunity to have tried out the issue raised as to the possession of the property in his own home district, but chose rather to again transfer back to the fourth district, and there on a fair trial of said case, and on all the facts he lost, and after appealing to the circuit court at Magnolia, where his case would have gone whether it had been filed in the fourth or third district, his case was again submitted to a jury of twelve men, and all the issue raised in the pleadings both as to the possession of the property, and as to the damages were tried out, and decided adversely to defendant there, appellant here.

We submit that a careful reading of the entire record would show that no error was committed and the defendant there, appellant here, had a full, fair and complete trial and lost because the entire evidence was against him.

We therefore respectfully submit that this case should be affirmed.

COOK, J., delivered the opinion of the court.

Appellee, plaintiff below, instituted an action of replevin in the justice court of district No. 4 of Pike county seeking to recover possession of certain personal property which was located in district No. 3, and the writ was made returnable before the justice of the peace who issued it. Appellant, defendant below, resided in district No. 3 and the property was found at his residence when it was seized under the writ. Upon the trial of the cause in the justice court of district No. 4 there was a judgment for plaintiff and defendant appealed to the circuit court. In the circuit court a motion was made to dismiss the cause for want of jurisdiction, but this motion was overruled, and judgment was entered for plaintiff, from which this appeal is prosecuted.

The venue of the action of replevin is regulated by section 4216, Code of 1906 (Hemingway's Code, section 3045), which provides that the action may be instituted in the circuit court of a county or the justice court of a district in which the defendant, or one of several, or the property, or some of it, may be found. Under section 4214, Code of 1906 (Hemingway's Code, section 3043), the required affidavit may be made before any justice of the peace, but upon the filing of the affidavit the justice of the peace must issue the writ returnable before the proper circuit court when the value exceeds two hundred dollars, or to the court of the proper justice of the peace if the value shall not exceed that sum, and the affidavit shall be returned to and filed in the proper court at once. Under these sections the writ of replevin in this case should have been made returnable before a justice of the peace in district No. 3, where the defendant resided and the property was located. The action of replevin is a proceeding *in rem* and the justice court of district No. 4 was without jurisdiction to hear and determine the cause. Therefore the motion to dismiss for want of jurisdiction should have been sustained.

*Reversed and dismissed.*