## STANLEY *et al. v.* CRUISE *et al.*

[99 So. 376.   No. 23759.]

(Division B. Feb. 25, 1924, Suggestion of Error Overruled March 24, 1924.)

1. VENUE. *Venue in suits in personam may be waived.*

   In a suit *in personam* the venue conferred by section 2724, Code of 1906, section 2223, Hemingway's Code, is a personal privilege which may be waived by failure of the defendant, to claim at the proper time.

2. REPLEVIN. *Venue in action of replevin may not be waived.*

   An action of replevin is one *in rem*, and the venue as provided in section 4216, Code of 1906, section 3045, Hemingway's Code, is in the justice of the peace district in which the defendant, or one of several, or the property, or some of it, may be found. This venue is jurisdictional and may not be waived as in an action *in personam.*

3. JUSTICES OF THE PEACE. *Judgment in replevin by a justice without jurisdiction void.*

   A justice of the peace is without jurisdiction to render a judgment in a replevin suit where neither the defendant lives nor the property is found within his jurisdiction. Such a judgment is void.

APPEAL from chancery court of Jasper county, First District.

HON. G. C. TANN, Chancellor.

Suit by T. K. Stanley and others against Dib Cruise and others. From a decree dissolving a temporary injunction, plaintiffs appeal. Affirmed and remanded.

*D. W. Heidelberg,* for appellants.

We contend that it is immaterial whether the defendant resided or the property was located in the district in which the suit was brought or not. The defendant, in the suits brought before the justice of the peace, having appeared, according to the uncontradicted testimony, and made no objection to the jurisdiction of the court, cannot now be heard to say that the justice of the peace was without jurisdiction. An action of replevin can be brought either in the district where the property is located or in the district in which the defendant resides; in other words, it is a transitory action, and if he had intended to object to the jurisdiction of the court it was his duty to appear and object, and having failed to do so he is now estopped from doing so and the judgments against him are valid.

The case of *Catlett* v. *Drummond,* 113 Miss. 450, is conclusive that the judgments before the justice of the peace were valid. Notwithstanding section 522, Code 1871, providing that, with certain exceptions, a defendant shall be sued in the county of his residence, the supreme court in the case of *Christian* v. *O'Neal et al.,* 46 Miss. 669, decided that if a freeholder or householder be sued out of the county of his residence and fail to apply for a transfer of the case, the circuit court in which the suit is brought may properly render judgment. The law governing this subject is clearly laid down in 40 Cyc. 110 and 111, which is cited with approval, in the case of *Catlett* v. *Drummond, supra.* See also 22 Encl. of Pleading and Practice, 815.

Section 4216, Code 1906, providing that actions of replevin in the justice's court may be brought in the dis-

trict in which the defendant or the property sued for may be found, is entitled—"Venue," showing that it is not dealing with the question of jurisdiction, but of venue, and under the authorities above cited, the venue may be waived, and is waived when not raised at the proper time. On this subject see: 2 Words and Phrases (Second Series), 1278, 1280; 4 Words and Phrases (First Series), 3886, 3887.

The vice in the argument of the attorney for appellees is an erroneous conception of the meaning of the word "subject-matter." We admit that if the justice of the peace had no jurisdiction of the subject-matter that a failure of Dib Cruse to raise the question of jurisdiction could not confer jurisdiction. Counsel for appellees is laboring under the misapprehension that by subject-matter is meant the particular case arising before the justice of the peace, or the particular suits brought before him, instead of the general class to which those particular suits belong. That he is in error in this contention is shown by the authorities above cited.

*Robert L. Bullard,* for appellees.

Writs of replevin were issued by a justice of the peace in District Five, returnable before himself, for the seizure of property in the possession of a defendant outside of District Five, both the defendant and the property being outside of his district. That is the fact upon which the case will here be decided.

I contend that since both the property and the defendant were in District Two the actions could only be instituted there. This court has already held, as will be shown, that unless the action is "instituted" at the place provided by law the writ is void. This is governed by section 4214 and 4216, Code of 1906.

Opposing counsel admits that if the justice of the peace was without jurisdiction of the subject-matter of the action the appearance of the defendant could not confer it.

In fact the appearance of the defendant, even his consent to a trial, could not confer any more jurisdiction on the justice than he would have by personally served process.

Counsel contends also that the action is transitory, and may be tried anywhere, unless the defendant claims his privilege of being sued at home. This is contrary to the common law and the vast weight of authority in this country, as well as to the statute already quoted. Replevin at common law was local. 40 Cyc. 21.

This court has distinctly recognized that the action of replevin is a local action *in rem* and must be brought where the property is located, or where the defendant resides, in the case of *Turner* v. *Lilly,* 56 Miss. 578. See also *Ellison* v. *Lewis,* 57 Miss. 588; *Cain* v. *Simpson,* 53 Miss. 521. That the action is still a local action *in rem* is placed entirely beyond question by the case of *Richardson* v. *Davis,* 59 Miss. 15.

Counsel seems to find some significance in the fact that the word "venue" is used in the title to the section of the Code designating where the action of replevin shall be brought. Venue, he says, is a personal privilege that may be waived. Sometimes this is true, sometimes it is not. It is said that there is perhaps no word in our legal nomenclature which has been used with so many different meanings as the word "venue." Sometimes it is used to designate the place where local actions may be tried. Then it is a personal privilege that may be waived, and is waived unless claimed. Again the word is used to designate the place where local actions may be tried when it is not a mere personal privilege, but defines the territorial jurisdiction in which the local action may be instituted and tried. In section 4216 it is used for the latter purpose; in section 707, fixing the venue of civil actions generally in the circuit court, it is used for both purposes at one and the same time.

In *Wilson* v. *Redwald,* 49 Miss. 511, our court said that by the common law these actions are local and the

"venue" if such we call it, is jurisdictional; that we inherited from the common law, and it is still in force, except only as modified by statute.

Argued orally by *D. W. Heidelberg,* for appellants.

SYKES, P. J., delivered the opinion of the court.

The appellees who are complainants in the chancery court seek in their bill to have declared null and void two judgments in replevin rendered against them, and to have perpetually enjoined the issuance of execution upon these two judgments. The grounds set up in the bill are, briefly stated, that neither the defendant Cruise in the replevin suits, nor the mules replevied, were in the supervisors' district of the justice of the peace who issued the process and tried the causes.

The bill further sets up a meritorious defense to the replevin suits. A temporary injunction was issued by the chancellor, and motion was duly made to dissolve this injunction which was heard on bill, answer, and proof. The chancellor declined to dissolve it, from which decree this appeal is here prosecuted.

The uncontradicted testimony heard upon this motion was to the effect that the replevin proceedings were instituted and the trials had in district No. 5, and that the defendant Dib Cruise lived in another district and the mules were in his possession at his place of residence. At the trial of the replevin suits the defendant Cruise appeared and judgments were rendered against him.

It is the contention of counsel for appellants that the appearance of the defendant Cruise gave the justice of the peace court jurisdiction to try the cause. The case of *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323, is relied upon as authority for this contention.

In the Catlett Case the suit was a personal action and the court held that in that character of suit the venue conferred by section 2724, Code of 1906, Hemingway's Code, section 2223, was a personal privilege which may

be waived by failure of the defendant to claim at the proper time.

The venue in replevin suits is governed by section 4216, Code of 1906, Hemingway's Code, section 3045. Under this section an action of replevin in a justice of the peace court should be brought in the justice of the peace district in which the defendant, or one of several, or the property, or some of it, may be found. In the two replevin cases in question in this suit neither the defendant nor the property was found in the justice of the peace district, but both were in another district. The action of replevin is one *in rem* and the venue is not therefore a mere personal privilege which may be waived, as is the case in an action *in personam.*

The questions here involved were all settled in the case of *Lewis* v. *Sinclair,* 126 Miss. 16, 88 So. 401. In that case, as in this, the defendant appeared at the trial, but the court held that the justice of the peace had no jurisdiction to try the cause for the reason that neither the property nor the defendant was found within the jurisdiction of the court that tried the cause.

For these reasons the two judgments rendered in the replevin suits are void. The question as to the right of possession of the two mules is to be determined upon the hearing of the cause upon the merits.

*Affirmed and remanded.*