FITZGERALD *v*. WILLIAMS.*

(Division B.    Sept. 29, 1924.)

[101 So. 370.    No. 24216.]

VENUE.    *Nonresident defendant, personally served in county where suit filed and giving forthcoming bond, cannot question court's jurisdiction.*

In a replevin suit the venue is fixed by section 4216, Code of 1906 (section 3045, Hemingway's Code), as "in the circuit court of a county, or the justice's court of a district, in which the defendant, or one of several, or the property, or some of it, may be found." If a suit is filed out of the county of defendant's residence, and he is personally served in the county where the suit is filed, and gives bond for the forthcoming of the property, he cannot question the jurisdiction of the court.

Headnote 1.    Venue, 40 Cyc, p. 113.

APPEAL from circuit court of Wayne county.

HON. C. C. MILLER, Judge.

Suit by W. D. Fitzgerald, trustee, against Charlie Williams.    From a judgment dismissing the cause, plaintiff appeals.    Reversed and remanded.

*M. L. Heidelberg,* for appellant.

The issue is whether or not in a suit of replevin the presence of the defendant in the county gives the courts of that county jurisdiction over him and the property alleged to be in his possession.    The appellant contends

that such presence does give the court jurisdiction and the appellee contends that it does not; that the location of the property, or the actual place of residence of the defendant, determines the jurisdiction.

Hemingway's Code, section 3045, says that a suit of replevin "may be instituted in the circuit court of a county . . . in which the defendant, or one of several, or the property, or some of it, may be found." If the words: "May be found" mean place of residence, then we are wrong in our contention. We find this same expression 486, Hemingway's Code, on the venue of circuit courts, where it says: "That civil action of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant, or any of them, may be found. That the legislature did not by the words "may be found" in this section mean actual place of residence is manifest; for the reason that the same section says: "If a citizen, resident of this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed on his application to the county of his household and residence." We see no reason why the words "may be found" in this section on venue in replevin suits should be given a different meaning; or a meaning different from what the words clearly import.

If some of the property had been found in Wayne county then it is likely there would have been no dispute about this matter, as in the case of *Ellison* v. *Lewis,* 57 Miss. 588, the court said : "Replevin must be brought in the county where the goods are found, although the defendant is a resident freeholder and householder of another county."

In *Campbell* v. *Triplett,* 74 Miss. 365, where the court was construing a similar provision for attachment suits, it said: "The venue of civil actions of this class is in the county 'in which the defendants, or any of them, may be found,' and if no defendant is served with proc-

ess in the county where suit is brought, the jurisdiction of the court does not attach.'' In that cause no property of the defendant was found in the county; and the defendant was not found in the county either; but in the case now before the court, the defendant was found in the county and process served on him and properly returned to the court, and the defendant gave bond for the property sued for, thus bringing it within the jurisdiction of the court, according to the wording of the statute.

In *Barnett* v. *Ring*, 55 Miss. 97—an attachment case —where jurisdiction attaches in the county where the defendant is found, or in the county where his property is found, it was held that the defendant could not have the cause transferred to the county of his residence. On the other hand, where the code plainly says, ''that the suit may be instituted in the county where the defendant, or some of them, or the property, or some of it, may be found,'' if one of the defendants is found in the county and a writ served on him and properly returned to the court, we think that the court has jurisdiction.

*J. D. Fatheree,* for appellee.

The only question at issue is whether or not a citizen of one county in this state, because he happens to go out of the county of his residence and citizenship on a visit to another county of this state, and is there served with a summons and made a defendant in a cause filed in the county where he is visiting, can thereby be deprived of the age old right of a man to have his cause tried in the county or locality of his residence? We say not.

To our minds it is entirely too far fetched and too strained a meaning to be placed on the phrase, ''may be found'' to say that it means, or should be construed

to mean that a citizen of Clarke county in this state can, while on a visit to Wayne county in this state, be served with process in a suit filed in Wayne county and the mere fact that he was there be sufficient to give the court of Wayne county jurisdiction and thus deprive him of his right to be tried in the county of his residence and citizenship.

The fact that the defendant bonded the property when the writ was served on him in Wayne county in no way confers jurisdiction in the court of Wayne county because in bonding the property he merely exercised a legal right and in fact he was compelled to bond the property or lose possession and possession is a legal right of his to be exercised without binding him to anything but to have the property forthcoming.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Fitzgerald, trustee, filed a replevin suit in the circuit court of Wayne county, alleging that the defendant, Charlie Williams, on the 29th day of August, 1922, executed a certain deed of trust, with plaintiff, Fitzgerald, as trustee, to secure C. H. Cole, Jr., T. O. Slaughter, and C. A. Massey for an indebtedness therein named, amounting to eight hundred dollars, being payable fifty dollars monthly, and that the defendant had made default in the payment of the deed of trust and the debt which it secures, and that by reason of said default the beneficiaries had requested plaintiff to foreclose said deed of trust, and set forth certain property by description therein, and alleged that the plaintiff had applied to the defendant, Williams, to deliver up said property to him as trustee to enable him to foreclose said deed of trust, but that defendant refused to deliver the property as required by said deed of trust, and that an action of replevin had accrued to the plaintiff to sue for and demand of the defendant the possession of said property.

The deed of trust was made exhibit to the declaration. Thereupon a writ of replevin issued to Wayne county, and a duplicate writ was issued to Clarke county, commanding the respective officers of said counties to seize the said property described in the declaration and affidavit, and to deal therewith according to law, and to summon the defendant to appear before the circuit court of Wayne county, Miss., on the second Monday of July, 1924, to answer said suit. The writ issued to Wayne county was returned by the sheriff executed by serving a copy of the writ personally on Charlie Williams and accepting bond in the sum of five hundred dollars. There seems to be no return upon the writ issued to Clarke county.

The defendant filed a plea to the jurisdiction of the court on the ground that at the time of the filing of said cause, and for a great time prior thereto, and at the present time the defendant is not and has not been a citizen of, nor lived nor resided in, the county of Wayne, and that the property described in the declaration, affidavit, and writ is not and has not been located in Wayne county, but is and has been in Clarke county, and that at the time of the filing of such suit, and for a great time before then and now, the defendant is a citizen and resides in Clarke county, in the state of Mississippi. Wherefore the defendant moves the court to dismiss the suit at the cost of the plaintiff, because this court has no jurisdiction of the cause. On said motion the defendant, Williams, testified that he was a citizen of Clarke county at the time of suing out of the writ and since, and that the property sought to be replevied was located in Clarke county at said time, and that the property was not found in Wayne county, and defendant did not live there. It seems to be the only evidence introduced on the plea to the jurisdiction. The circuit judge sustained the plea to the jurisdiction and dismissed the cause, from which judgment this appeal is prosecuted.

Section 3045, Hemingway's Code (section 4216, Code of 1906), under the chapter on Replevin, reads as follows:

"*Venue.*—The action of replevin may be instituted in the circuit court of a county, or the justice's court of a district, in which the defendant, or one of several, or the property, or some of it, may be found, and all proper process may be issud to other counties or districts, as the case may be."

It is contended by the appellant that the words "in which the defendant, or one of several, or the property, or some of it, may be found," give jurisdiction in the court of the county or district where the defendant may actually be at the time of the service of the process, or where the property, or some of it, may actually be, at such time, without regard to the residence or domicile of the defendant or the *situs* of the property; while the appellee insists that the term "may be found," as applied to a defendant, means his place of residence at the time of suing out the writ. By section 486, Hemingway's Code (section 707, Code of 1906), prescribing the venue of actions generally in civil suits, the same language is used; it providing that an action "shall be commenced in the county in which the defendant, or any of them, may be found," making certain exceptions as to certain actions, and concluding with the provision:

"If a citizen resident in his state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed on his application to the county of his household and residence."

In the case of *Christian* v. *O'Neal,* 46 Miss. 669, construing this statute, the court held that if the defendant failed to apply for a change of venue, the court had jurisdiction to render judgment against him in the court where the suit was brought, although he resided in another county. In the case of *Stanley* v. *Cruise* (Miss.), 99 So. 376, the court stated in general terms in the second syllabus:

"An action of replevin is one *in rem,* and the venue as provided in section 4216, Code of 1906 (section 3045, Hemingway's Code), is in the justice of the peace district in which the defendant, or one of several, or the property, or some of it, may be found. This venue is jurisdictional and may not be waived as in an action *in personam.*"

And it cited the case of *Lewis* v. *Sinclair,* 126 Miss. 16, 88 So. 401. In neither of these cases was the precise point here sought to be presented by the record, because in neither of the cases was the writ served on the defendant in the district, or the property found in the district, where the cause was sued out.

We do not deem it necessary now to decide whether the service of the copy of the writ on the defendant alone in a county outside of the county of his residence would confer jurisdiction of the suit in such county, but in the case before us the defendant, on being served with the writ in Wayne county, gave a bond for the forthcoming of the property. We think that the giving of the bond for the forthcoming of the property was an admission that the property was situated within Wayne county at the time, and had the effect of preventing the sheriff from making a further search for the property, and having gotten the benefit of the bond, and being permitted to retain the property, would forbid his questioning the jurisdiction. Certainly the defendant was in Wayne county at the time of the service of the writ, and gave bond to have the property at court. We think, therefore, it was error for the court below to dismiss the suit, and the judgment will be reversed, and the cause remanded for further proceedings in that court.

*Reversed and remanded.*