HENDERSON v. GRANTHAM.*

(Division A.    Oct. 24, 1927.)

[114 So. 323.    No. 26613.]

1. JUSTICES OF THE PEACE. *Certiorari to remove to circuit court case decided by justice should be denied, no question of law appearing for review (Hemingway's Code 1927, section 72).*

Petition for *certiorari* to remove to circuit court case decided by justice of peace should be denied, review being by Hemingway's Code 1927, section 72, confined to questions of law arising or appearing on the face of the record and proceedings, and no such question appearing; but a mere question of fact as to citizenship being presented.

2. JUSTICES OF THE PEACE. *Question of jurisdiction is waived by defendant not appearing and pleading that he was sued out of his district or county (Hemingway's Code 1927, section 2378).*

Notwithstanding Code 1906, section 2724 (Hemingway's Code 1927, section 2378), declaring the territorial jurisdiction of a justice and the district where a freeholder and householder of the county shall be sued, a defendant sued out of his county waives the question of jurisdiction by failing to appear at trial and prove the facts on which his claim rests.

*Corpus Juris-Cyc. References: Justices of the Peace, 35CJ, p. 560, n. 83; p. 862, n. 36.

APPEAL from circuit court of Perry county.

HON. R. S. HALL, Judge.

Action by W. N. Henderson against J. P. Grantham. The circuit court to which, after a judgment for plaintiff in a justice court, the case was removed by *certiorari* held the judgment void, and plaintiff appeals. Reversed and judgment rendered.

*C. C. Smith,* for appellant.

The appellee was and is a single man, the testimony shows that he owned his log teams and worked about at different places doing logging, and that he was personally served with process in Beat 3 of Perry county, Mississippi, where the suit was filed; that he failed to appear and raise any question of the jurisdiction of the court and allowed judgment to be taken against him; and then two months later he obtains a writ of *certiorari* and for the first time attempts to raise the question of the jurisdiction of the justice court that rendered the judgment.

*Christian* v. *O'Neal,* 46 Miss. 669, states the rule governing here, which was reannounced in *Fitzgerald* v. *Williams,* 101 So. 370. This court held in *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323, that the law fixing the venue of actions was "a mere personal privilege which may be waived by failure to claim it in the proper manner and at the proper time by objecting to the case being proceeded with and proving the existence of the facts upon which such a claim may rest; hence, a judgment rendered by default where the defendant failed to appear pursuant to summons was valid."

It is very doubtful in this case whether or not the defendant would have had the right to have his case removed, as the testimony shows that he lived about as much in Richton as he did in Jones county. But granting for the sake of argument that he did live in Jones county, we contend that by his failing to appear and

raise this question in justice court, he waived his right and the judgment rendered against him by the justice of the peace was a valid judgment and the right of *certiorari* did not lie; hence, the motion to dismiss should have been sustained by the trial judge.

*A. R. Shoemaker,* for appellee.

We submit that under the proof shown, Mr. Grantham was not only a *bona-fide* resident but a freeholder and householder in Jones county at the time this suit was filed.

In *Harper* v. *Adams,* 106 So. 354, it was held that defendant was rightfully sued out of his home justice district, but in that case it appears that the district in which suit was brought was still in the county of defendant's residence; and that the liability occurred in the district in which he was sued. But in the case at bar the residence of defendant as well as the occurrence of the liability is shown to have been in another (Jones) county.

We take it that section 2724, Code of 1906, means what it says in stating that the jurisdiction of every justice of the peace shall be co-extensive with his county, and when it states the conditions under which a freeholder may be sued out of his district, it is yet within his county. The legislature in making provisions to take care of possible disqualifications of one's local justice of the peace in allowing suits under those conditions to be transferred to another district, as set out in the concluding sentence of the section, again uses the phrase, "In the county," to circumscribe definitely the domain of a justice of the peace.

In *Catlett* v. *Drummond,* 74 So. 323, this court in again construing section 2724, Code of 1906, says that in fixing the venue of actions before a justice of the peace against a freeholder or householder of the district of such freeholder's or householder's residence, this statute confers

a mere personal privilege which may be waived by failure to claim it in the proper manner and at the proper time.

As to the personal privilege of venue and which privilege may or may not be availed of, as referred to in the second paragraph of the *Catlett case, supra,* and as reiterated in the sixth paragraph of the opinion of *Stanley* v. *Cruise,* 99 So. 376, it will be borne in mind that the venue constituting the personal privilege as there referred to is the venue conferred by this same section 2724, Code of 1906. And what is that venue? It is the venue applicable to, and prevailing within the county of defendant's residence; and from which it may be easily deduced that appellee here could not have complained had he been sued out of his justice district in Jones county, and had not objected thereto at the proper time and in the proper manner.

In *Christian* v. *O'Neal,* 46 Miss. 669, a freeholder was sued out of his county and it was held under Code of 1857, article 32, page 483, that a judgment thus obtained was valid where defendant failed to take advantage of the provisions of the statute to defeat the taking of the judgment, but this has no bearing on the present case, the latter involving only the question of venue provided for by section 2724, Code of 1906, that is as between different justice districts of the same county and as applicable only to justice court jurisdiction.

Moreover the rule semes to have been long recognized that under certain conditions a default judgment may be taken in the circuit court of one county against a resident freeholder of another county, where the defendant is properly summoned; and likewise by the justice court of one district of a county against a freeholder of a different district of the same county; and that such default judgments are good and valid. But nowhere do we find the approval of a similar judgment rendered by a justice of the peace against a freeholder of a different county.

*Smith* v. *Eubank,* 43 So. 81, seems to be squarely in support of appellee's contention in the present case. *Gibson Paving Co.* iv. *Mills et al.,* 49 So. 568, following *Cain* v. *Simpson,* 53 Miss. 521, substantiates the contention of appellee in the instant case *in toto* except as to the question of a possible waiver of jurisdiction by appellee in the case at bar, in that appellee did not appear or interpose any objection to the judgment being taken in the justice court, nor did he appeal within the ten-day period prescribed.

McGOWEN, J., delivered the opinion of the court.

W. N. Henderson, appellant here, sued J. P. Grantham, appellee, on a promissory note for seventy-five dollars in the court of W. D. Mills, a justice of the peace of the Third district of Perry county, Miss. Process was duly issued for the defendant, Grantham, and duly and legally served by the constable of district No. 3 personally on the defendant more than five days before the return day, and the case was continued to the next succeeding court day. Whereupon, plaintiff being in court, judgment was rendered by default against Grantham for the amount of the note, interest, attorneys' fees, and costs. This judgment was rendered September 1, 1926; and, on the 13th day of November, 1926, after the time for appeal had elapsed, Grantham filed a petition for writ of *certiorari* in the circuit court, and the circuit judge granted the writ and ordered the justice of the peace to send up the record. The petition for the writ of *certiorari* is as follows:

"Your petitioner, the undersigned, J. P. Grantham, respectfully states that on the 1st day of September, 1926, in the justice of the peace court of W. D. Mills, and for the Third district of Perry county, Miss., a judgment was rendered against your petitioner by default in the above-styled cause, but your petitioner, the defendant therein, was at that time, and still is, a resident citizen

of Jones county, Miss., so that the said justice court had no jurisdiction in the premises, and in consequence of which said judgment rendered against your petitioner in the sum of ninety-seven dollars and twenty cents, with costs, is void and of no effect.

"Wherefore your petitioner prays your honor for a writ of *certiorari* directed to the said W. D. Mills, justice of the peace, returnable at the next term of the circuit court on the fourth Monday of April, 1927, in order that justice may be done in the premises."

By order of the circuit judge the case was removed to the circuit court. The plaintiff, Henderson, moved the circuit court to dismiss the petition and quash the writ, because said petition showed on its face that the defendant waived the jurisdiction of the justice of the peace court by not entering his appearance and objecting to such jurisdiction and setting up the facts of the cause at the time of trial; and because the petition showed that it attempted to attack a judgment on account of jurisdiction when the record shows all questions of jurisdiction settled.

The motion to dismiss the writ of *certiorari* was overruled by the judge, and, without entering a reversal of the judgment by the court below, the court proceeded to make up an issue before a jury as to whether or not Grantham was a citizen of Perry county; and evidence was taken *pro* and *con,* the defendant, Grantham, testifying that he was a bachelor citizen of Jones county, and, on instructions of the court, the case was submitted to the jury, which returned a verdict for the defendant on the issue whether or not Grantham was a citizen of Jones or Perry county. The court thereupon entered an order reciting that Mills, justice of the peace, had no jurisdiction, and that his judgment was consequently null and void, and taxed the plaintiff with the costs.

The record of W. D. Mills, justice of the peace, filed in the circuit court, discloses no irregularity which has been called to our attention, and showed, on its face, no

want of jurisdiction in the justice of the peace to ren-
der the judgment against Grantham, defendant.   Said
defendant appeared to have been duly served with proc-
ess by the constable of district No. 3 of which district
Mills was justice of the peace; and, in that court, said
defendant, Grantham, ignored the process, and, as stated,
the record discloses no irregularity, and the petition
which we have set forth at length shows clearly that by
it a question of fact was raised *de hors* the record.   Sec-
tion 72, Hemingway's Code, 1927, is the only authority
for the removal of this case to the circuit court.   There
was no question of law arising or appearing on the face
of the record and proceedings for the circuit court to
review as pointed out in the petition or proof before the
circuit court.   Section 72 is in the following language:

"All cases decided by a justice of the peace, whether
exercising general or special jurisdiction, may, within
six months thereafter,   .   .   .   be removed to the circuit
court of the county, by writ of *certiorari* which shall
operate as a *supersedeas,* the party, in all cases, giving
bond, with security, to be approved by the judge or clerk
of the circuit court, as in cases of appeal from justices
of the peace; and in any cause so removed by *certiorari,*
the court shall be confined to the examination of ques-
tions of law arising or appearing on the face of the rec-
ord and proceedings.   In case of an affirmance of the
judgment of the justice, the same judgment shall be given
as on appeals.   In case of a reversal, the circuit court
shall enter up such judgment as the justice ought to have
entered, if the same be apparent, or may then try the
cause anew on its merits, and may in proper cases enter
judgment on the *certiorari* or appeal bond, and shall,
when justice requires it, award restitution.   The clerk
of the circuit court, on the issuance of a *certiorari,* shall
issue a summons for the party to be affected thereby;
and in case of nonresidents, may make publication for
them as in other cases."

The statute is plain that a question of law must arise or appear on the face of the proceedings; and in case of an affirmance of a judgment of a justice of the peace, the same judgment shall be given as on appeals; and in case of a reversal the circuit court shall enter up such judgment as the justice of the peace should have entered, if the same be apparent, or may try the cause anew on its merits and enter proper judgment.

It will be observed in this case that the plain provisions of this statute were ignored. No question of law arising on the proceedings was pointed out in the petition or appears in the proof, but the circuit judge had a jury to try an issue of fact as to whether or not Grantham was a citizen of Jones or Perry county. That clearly was an issue of fact, or the court would not have submitted the matter to the jury. This issue of fact had been tried by the justice of the peace presumably, and found against the defendant, and, the time for appeal having expired, he could not have secured a new trial on this issue of fact by *certiorari* proceedings under this section. The circuit judge should have dismissed this petition and affirmed the judgment of the court below, because no error on a question of law arising or appearing on the face of the record and proceedings was pointed out.

In the case of *Christian* v. *O'Neal,* 46 Miss. 669, this court held that, if a freeholder or resident be sued out of the county of his residence and fail to apply for a transfer of the case, as provided by statute, the circuit court in which the suit is brought may properly render judgment, and therein Judge SIMRALL, speaking for the court, said:

"A second objection is, that the suit ought to have been brought in Noxubee county, where Davis resided, instead of Lowndes. If Davis was a freeholder and resident of Noxubee, he might, upon motion, have procured the transfer of the suit to Noxubee county; if such application were not made, the circuit court of Lowndes coun-

ty could, properly, entertain jurisdiction and give judgment.''

In the case of *Fitzgerald* v. *Williams,* 136 Miss. 250, 101 So. 370, it was held that in a replevin suit the venue is fixed by section 4216, Code of 1906, as being ''in the circuit court of a county, or the justice's court of a district, in which the defendant, or one of several, or the property, or some of it, may be found.'' If a suit is filed out of the county of defendant's residence, and he is personally served in the county where the suit is filed and gives bond for the forthcoming of the property, he cannot question the jurisdiction of the court. But the court there had before it a replevin suit, which was a suit *in rem,* and the court did not decide the precise question as to jurisdiction, but did cite the case of *Stanley* v. *Cruise,* 134 Miss. 542, 99 So. 376, wherein suits *in rem,* and suits *in personam* were distinguished.

The suit at bar was clearly *in personam,* and it is now settled in Mississippi that, where a defendant fails to appear and plead want of jurisdiction because he is sued out of his district or county, this waives the question of jurisdiction.

In the case of *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323, it was held that in an action in a justice of the peace court on an open account, where the defendant, who was a freeholder in another district, failed to appear pursuant to summons, a default rendered against him was valid, since the privilege conferred by section 2724, Code of 1906, fixing the venues before justices of the peace against freeholders or householders, is a personal privilege merely, which may be waived by failure to claim it in the proper manner, and at the proper time, by objecting at the trial to the case being proceeded with, and proving the existence of facts upon which the claim must rest.

Section 2724, Code of 1906, is section 2378, Hemingway's Code 1927, and provides when an action is *in personam,* the question of jurisdiction as to a freeholder

or householder is a personal privilege, which is waived by failure to claim it in the proper manner and at the proper time; that is, he should appear at the trial of the cause and prove the existence of the facts upon which his claim rests, and if he does not do this and allows the claim to proceed to judgment, he waives his personal privilege.

It will be noted in the case of *Catlett* v. *Drummond, supra,* that the court overruled the case of *Hilliard* v. *Chew,* 76 Miss. 783, 25 So. 489, and, consequently, overrules those cases in line therewith.

The case of *Smith* v. *Eubanks,* 89 Miss. 838, 43 So. 81, is not in point, for the reason that the question was raised on a direct appeal as appears from the fact that the case was heard in the circuit court on an agreed statement of facts.

Neither was there a waiver in the case of *Gibson Paving Co.* v. *Mills,* 95 Miss. 726, 49 So. 568, or in *Cain* v. *Simpson,* 53 Miss. 521, but in these cases the defendants appeared and raised the question of jurisdiction in due time, upon direct appeals.

The circuit court should have dismissed the writ of *certiorari* for the reason that no errors of law were pointed out in the proceedings, and the justice of the peace had jurisdiction to enter the judgment complained of where the defendant failed to plead that he was being sued out of his district or county.

The judgment of the court below will be reversed, and the petition for the writ of *certiorari* will be dismissed.

Reversed, and judgment for appellant, dismissing the petition for writ of *certiorari.*

*Reversed.*