RAVESIES *et al. v.* MARTIN *et al.*

(In Banc. Dec. 23, 1940.)

[199 So. 282. No. 34347.]

**Witherspoon & Witherspoon,** of Meridian, for appellants.

96

**E. C. Fishel,** of Hattiesburg, for appellees.

Argued orally by **S. A. Witherspoon**, for appellants, and by **E. C. Fishel**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

This suit was filed in the chancery court of Forrest County on December 30, 1937, against E. Martin, Sr., and the trustee in a deed of trust executed by D. H. Ravesies and wife in favor of the said Martin on May 29, 1933, conveying to the trustee a house and acre of land at Vossburg in Jasper County and certain lots in the town of McLaurin in Forrest County, securing an alleged indebtedness of $1,565, as evidenced by a promissory note, representing a renewal of two former notes and deeds of trust, one of which was for $400 dated January 4, 1927, and the other for $600 dated April 18, 1927, given by Ravesies and wife to indemnify and save harmless the said Martin as endorser on a loan of that aggregate amount obtained by Mr. Ravesies during the year 1926 from the Bank at Heidelberg. The bill of complaint sought an accounting from Martin as a mortgagee in possession of the property at Vossburg, and also to enjoin the foreclosure of the renewal deed of trust and cancel the same as a cloud upon the title of the appellants. From a final decree dissolving a temporary injunction which had been issued by the chancellor to prevent the sale of the property, dismissing the bill of complaint upon the final hearing on the merits and assessing damages in favor of the appellee Martin against the injunction bond, the appeal here is taken.

It appears that at the time of the filing of the original and amended bills of complaint the title of the lots at McLaurin in Forrest County had matured in the state under tax sales; and that therefore neither of the complainants then owned any of the property in the deed of trust which is described as being in Forrest County. This fact was developed by the deraignment of title contained in the amended bill of complaint. Thereupon, the de-

fendants raised the point by demurrer that Section 363 of the Code of 1930, which governs the venue of suits in chancery, provides that suits to cancel clouds upon the title of real estate shall be filed in the county where the land or some part thereof is situated. The case proceeded to trial on the merits over the objections of the defendants until the conclusion of all the evidence introduced by the complainants, and a motion was then made by the defendants to dismiss the suit on the ground that the court was without territorial jurisdiction and also that the proof failed to sustain the case alleged in the amended bill of complaint. The record shows that the chancellor then announced orally that the motion was sustained. For that reason, it is now contended by the appellants that the court below was without power to decide and dismiss their suit on the merits after having ruled that the court was without territorial jurisdiction of the case; that the chancellor should have dismissed the case without prejudice to the right of the complainants to litigate the merits in the proper venue. The decree appealed from does not show, however, that the suit was dismissed for want of jurisdiction, but on the ground that the complainants' proof on the whole case "wholly failed to sustain the allegations of their bill of complaint."

No complaint is made on appeal by the movants in the motion filed in the court below to dismiss on the ground that the suit was not brought where any land owned by the complainants was situated. Therefore, they have waived the point if it be one of venue instead of jurisdiction.

The jurisdiction of the chancery court to cancel a claim as a cloud upon the title of the real owner of any real estate is conferred by Section 404 of the Code of 1930, and this statute does not prescribe that jurisdiction of the subject matter shall be dependent upon the land being situated in the county where the suit is filed. The statute which does prescribe that such a suit shall be brought in the county where the land, or some part thereof, is

situated, is Section 363 of the Code of 1930 which is the general venue statute for suits in chancery in this state.

In the case of Stanley et al. v. Cruise et al., 134 Miss. 542, 99 So. 376, it was held that in a suit in personam the venue is a personal privilege which may be waived by failure of the defendant to claim it at the proper time, but that in an action of replevin, being one in rem, the venue is jurisdictional and may not be waived, citing Lewis v. Sinclair, 126 Miss. 16, 88 So. 401. The distinction between a proceeding in personam and one in rem is based primarily upon the fact that in the latter instance the process is directed against the property and the court acquires jurisdiction by its seizure, or the court in the case of real estate is asked to award possession or to make some disposition thereof. Blacks Law Dictionary, 3d Ed., 938; Pennoyer v. Neff, 95 U. S. 714, 734, 24 L. Ed. 565. In the case at bar the complainants in the court below were in possession of the land and were asking for no process against the same, nor were they asking the court to make any disposition thereof. They were merely seeking to cancel an alleged lien claimed by the defendant Martin as a cloud upon their title. While it is true that Section 363 of the Code, supra, fixes the venue of this suit in Jasper County and entitled the defendants in the court below to have the same dismissed for want of proper venue in Forrest County, or to avail themselves of the right to have the cause transferred to Jasper County under Chapter 233 of the Laws of 1940, which provides therefor in cases where jurisdiction is present but venue is lacking (if such statute is applicable to a suit pending at the time of its passage, but as to which see State, for Use, etc., v. Cloud, 146 Miss. 642, 112 So. 19), nevertheless, we will not reverse the case in view of their waiver of the point here on appeal. Nor will we reverse for want of venue at the instance of the complainants, who are the appellants here, since they invoked the jurisdiction of the court in Forrest County and insisted throughout the trial upon its exercise.

Some doubt is expressed in Section 157, Griffith's Chancery Practice, as to whether venue can be waived in confirmation and cloud suits, and it is there stated that it is certainly not competent to do so in suits of that nature at law, citing the cases of Wilkerson v. Jenkins, 77 Miss. 603, 605, 27 So. 611, and Stanley v. Cruise, supra. The proceeding was one at law in each of those cases, however, and was strictly in rem. Suits are frequently spoken of as quasi in rem, though brought against persons, where the real object is to deal with particular property or subject property to the discharge of claims asserted, as for example proceedings to foreclose a mortgage or to establish an interest in land and effect a partition, and when no seizure is required in advance of the hearing to confer the jurisdiction. Therefore, a suit to cancel a claim against land as a cloud upon the title, where the property is in possession of the complainant and the court is not asked to make any disposition thereof, should not be held to be a proceeding purely in rem in the sense that a court would be wholly without jurisdiction in a county other than where the land is situated. In other words, we think that the question here is one of venue only.

Moreover, the temporary injunction in the present suit was made returnable before the chancellor who tried the case, and would operate only in personam while in force. Then, too, the action was purely in personam wherein it sought an accounting. And, if dismissed without prejudice, it could now be re-filed in the same court, for the reason that some of the property in Forrest County was re-acquired by complainants subsequent to the filing of the amended bill.

On the merits, we are unable to concur in the view of the court below in excluding all the evidence offered by the complainants at the close of their case on the ground that the proof wholly failed to sustain their right to relief. The evidence disclosed without dispute that the defendant Martin stated to the complainant Robert L.

McLendon as late as 1936 that he had not paid anything on the note of D. H. Ravesies in favor of the Bank at Heidelberg which he had endorsed in 1926 and on account of which endorsement he obtained the two original notes and deeds of trust as an indemnity. If that be true, he would not be entitled to collect anything under those notes and deeds of trust or under any renewal thereof, unless it should appear that there is some other consideration now due to support the same.

The uncontradicted testimony further shows that Ravesies turned over to Martin the property at Vossburg in 1927, when Ravesies moved from there to the town of McLaurin, under an agreement that he would be allowed $25 per month for the property until the debt to the Bank at Heidelberg was paid; that thereafter Martin leased the property and collected rents thereon, and accounted for such rent in a statement filed with his answer to the bill of complaint, but covering only a portion of the time that he had the property in his actual possession and control; that during the earlier part of the year 1930 Martin stated to McLendon in response to an inquiry made of him by McLendon as to who owned the property, that it belonged to T. C. Donald, a brother-in-law of Martin, making no mention at the time of any right that he claimed under the two indemnity deeds of trust given by the real owner, Ravesies, until long after McLendon had purchased the place from Donald and had gone into the possession thereof, thereby estopping himself to thereafter assert a lien then existing, or subsequently acquired, from Ravesies in his own favor as against the said McLendon; that in May, 1931, Martin related in detail to McLendon the circumstances under which he had formerly taken charge of the property under the agreement heretofore mentioned to account to Ravesies for $25 per month as rent, stating at that time, as he did again in 1936, that he had never paid anything as endorser on the note to the Bank at Heidelberg and that he did not intend to pay anything thereon, although the receiver of the

bank had offered to accept $200 for the debt; that Martin, having induced McLendon to purchase the property from Donald as aforesaid, made no effort to collect any further rents thereon after McLendon's purchase; that in 1933 Martin induced the said Ravesies and wife to execute the renewal deed of trust which is now sought to be cancelled; that during the year 1935 it became necessary for Ravesies to enter a suit against McLendon for the cancellation of the deed from Donald and to recover possession of the property, and in which litigation Ravesies was successful; that this litigation ended in 1937 and the McLendons again purchased the property, paying to Ravesies a valuable consideration therefor, but with notice that Martin held the deed of trust here involved against the property under the circumstances and for the consideration only hereinbefore stated; that Martin had full control and possession of the property for a period of three years prior to the sale from Donald to McLendon in 1930 under the said agreement with Ravesies to pay the $25 per month, as rent therefor; that on January 1, 1930, as a result of some negotiations not fully disclosed by this record, Ravesies wrote Martin to "go ahead and rent it as you see best," and that this occurred before McLendon purchased from Donald upon Martin's statement that it belonged to the grantor; and that thereafter McLendon purchased some building material from Martin with which to repair the residence with knowledge on the part of Martin that the same was being used for that purpose.

The defendants offered no testimony to controvert the foregoing proof, but merely relied upon the Ravesies' letter of January 1, 1930, to prove that the alleged rental contract of 1927 was not made, and also plead certain grounds of estoppel against each of the complainants, which in our opinion are insufficient in law to constitute a defense to the case made by the proof hereinbefore set forth. Among other things it is contended that the renewal of the deed of trust estopped Ravesies to claim that there was no indebtedness due. Although testimony

seeking to show that a different agreement was had between the parties than that expressed in the contractual obligations contained in the deed of trust may be incompetent, it was nevertheless competent to prove the true consideration thereof or that on the other hand it was supported by no consideration at all. Moreover, any estoppel against the McLendons to claim an accounting for rents during the period when they were holding the property adversely to Ravesies, and were not paying any rent, could not likewise estop Ravesies from obtaining an accounting from Martin for rent as a mortgagee in possession, who was responsible for the entry and possession by the McLendons; or prevent him from obtaining an accounting in regard to the payments, if any, that may have been made by Martin on the note to the Bank at Heidelberg.

We find nothing inherently improbable or unreasonable about the testimony in regard to the alleged agreement under which Martin assumed control of the property at Vossburg as a mortgagee in possession, since it is shown that he was an endorser on the note to the bank, and without any security to indemnify him at that time. This property constituted the homestead of Ravesies, to which he could return at any time, and his wife had neither signed the note to the bank nor given any deed of trust as security therefor.

We are of the same opinion in regard to the other testimony as long as it stands undisputed and unimpeached.

Under the facts disclosed by the record now before us it was error to exclude the testimony, dissolve the injunction, deny the accounting, or to dismiss the bill of complaint on the merits.

Reversed and remanded.