Wadsworth *v.* Harris and another.

JAMES WADSWORTH *v.* JOSEPH M. HARRIS and MATTHEW WATSON, Sheriff.

Where a petition has been addressed, by mistake, to a tribunal different from that in which it was filed, the error will be fatal. No judgment by default can be taken, nor can permission be given to amend.

In applications to the parish judge for an injunction, under the act of 1835, the petition must, in all cases, be addressed to the district court.

THE defendant, Harris, having obtained a judgment against the plaintiff, in the state of Georgia, on producing an exemplification of the record, procured from the judge of the District Court for the parish of Caddo, an order of seizure and sale. The plaintiff, in a petition addressed to 'Washington Jenkins, parish judge for the parish of Caddo,' averred that the amount for which the said order of seizure had issued, with the costs, had been paid by him to a former sheriff of that parish, but that no return had been made thereof; he prayed that an injunction might be issued prohibiting the defendants from further proceedings under the order of seizure, and that Harris might be condemned to pay him one hundred dollars for fees of counsel, and the like sum for other damages, sustained in consequence of the illegal execution of the said order of seizure and sale. The case was tried before *Carr*, J.

MARTIN, J. The defendant moved for the dissolution of the injunction, which the plaintiff had obtained, on the following grounds: *first*, the petition is addressed to the parish judge, while it ought to have been to the district court; and *secondly*, no citation was issued as the law requires. The injunction was dissolved, and the defendant had judgment against the plaintiff and his sureties, *in solido*, for ten per cent on the amount of the execution enjoined, with fifty dollars as special damages for his attorney's fee, and costs of suit. The plaintiff appealed. It appears to us that the first error assigned is fatal. In the case of *Watson et al.* v. *Pierce*, 6 Martin, N.S., 417, we held, that where a petition was addressed by mistake to a tribunal different from that in which it was filed, the error is fatal. No judgment by default can be taken, nor can permission be given to amend the petition by changing the address. The Code of Practice, art. 171, requires the petition to be addressed to a com-

petent judge. The execution in the present case appears to have been issued from the district court, on a judgment obtained in a sister state, for a sum exceeding the jurisdiction of our parish courts. It is urged that no district judge resides in the parish of Caddo, nor was any such officer in that parish, when the petition was presented to the parish judge, who in such a case is authorized by a late law to issue a writ of injunction, returnable to the district court. Acts of 1835, p. 227. It is probable, that the present was a case in which a writ of injunction might have been issued by the parish judge. Neither the non-residence nor absence of the district judge from the parish, is, however, alleged in the petition. The petition ought, in all cases like the present, to be addressed to the district court, whether a district judge reside or be accidentally in the parish or not; and on a petition so addressed, the parish judge is competent to order the writ of injunction under the act of 1835. See also our decision in the case of *Stanbrough* v. *Scott, Sheriff, &c., ante,* 43, at the present term. We think the district court erred in allowing to the defendant fifty dollars for his attorney's fee.

It is therefore ordered that the judgment of the district court be affirmed with costs, except so far as it relates to the allowance of fifty dollars for the attorney's fee; and that in this particular it be reversed, the costs of the appeal to be borne by the defendant and appellee.

*Gilbert,* for the plaintiff and appellant.

*Sherburne,* for the defendants.