No. 611

First Circuit

RICHARDSON ET. AL. v. NEWMAN

(March 5, 1930.   Opinion and Decree.)

Ott & Johnson, of Franklinton, attorneys for plaintiffs, appellees.

Bascom D. Talley, of Bogalusa, attorney for defendant, appellant.

MOUTON, J.   The caption of the petition herein gives the names of plaintiff and de-

fendant; also has the following: "22nd Judicial District Court State of Louisiana Parish of Washington." With the filing with I. Loyd Varnado, clerk of court. Then follows this address: "To the Honorable Prentiss B. Carter, Judge."

Defendant excepted to the petition, contending that it is not properly addressed to a competent judge, as is required by article 171, C. P. The exception was overruled.

In support of the exception, counsel for defendant refers to Wadsworth vs. Harris, 1 Rob. 96, and other decisions, where it was held that, when a petition is by mistake addressed to a court different from that in which it is filed, the error will be fatal. It was so held in Wadsworth vs. Harris, 1 Rob. 96, reference being made therein to Watson vs. Pierce, 6 Mart. (N. S.) 416, in support of the ruling. In that case the petition was addressed to the district court of parish of West Feliciana, and was filed in the office of the clerk of East Baton Rouge. The Supreme Court held that the case was not legally before the court of East Baton Rouge because it was addressed to a different tribunal.

The cases cited are not parallel to the instant case. Here the address to honorable Prentiss B. Carter evidently refers to the judge of the Twenty-Second Judicial District, Parish of Washington, as appears in the caption of the petition.

We are also referred by counsel for defendant to Lukis vs. Allen, 45 La. Ann. 1447, 14 So. 186, in support of the exception. In that case the court said that:

"Nothing in a petition not preceding the signature forms any part of it."

Here the caption—which clearly gives the proper title of the court in which the petition was filed, and which is addressed to the honorable Prentiss B. Carter, Judge —precedes the signature to the petition, and should, we think, be considered as forming part of it. For the foregoing reasons, the exception was properly overruled.

Counsel also complains of the refusal of his application for a new trial. We do not find that in refusing the application there was any abuse by the lower court of the legal discretion vested in it by law.

MERITS

This suit is for the recovery of $795.41 by plaintiff for the electrical wiring of the Red Wood Hotel in Bogalusa, property of defendant, under a written contract entered into between the parties on October 23, 1928.

The lower court rendered judgment for $745.41 in favor of plaintiff, being $50 less then the sum claimed, plaintiff having entered a remittitur for that amount.

The first complaint of defendant, on the merits, is that plaintiffs have not performed the work in a good workmanlike manner in accordance with the usual rules and standards for such work, as was by them alleged.

An inspection of their work was made by experienced, well-qualified electricians in November, 1928, who found that the work had been done in good workmanlike manner.

George Welman, an electrician in the service of the fire prevention bureau of this state, and a witness for defendant, was examined before a notary in New Orleans. He was asked by interrogatory to please explain the difference between a first class job and "the job these boys put

in," which referred to plaintiffs. His answer was that it was hardly possible to give a first class job without plans and specifications covering all details of construction. Welman was one of the electricians that had inspected the work in November, 1928, to which we have hereinabove referred.

In addition to what he said as above mentioned, he says: "I think that Mr. Richardson did very well, considering that he had to lay out the work as he advanced."

The proof is that plaintiffs, the Richardsons, had no plans or specifications by which they were to be guided in prosecuting or completing the undertaking, and they therefore came up in performing their work to the standard required under their agreement.

In their contract plaintiffs obligated themselves to charge $4.50 per outlet in wiring the building. Counsel for defendant contends that the contract should have said "to the outlet" and not "per outlet." Technically speaking, it would have been more correct to have used the words for which counsel contends.

In his attempt to emphasize the correctness of his contention, counsel asked Rogers, expert witness for plaintiffs, if, when the contract said "per outlet," it did not mean down to the globe. The answer was that would be done only when the owner of the building would be required to describe the building, which was not stipulated herein. The preponderance of the evidence shows that the work was performed in compliance with the term "per outlet" as provided for in the contract. These outlets, the evidence shows, were put in the building, and were properly charged for in accordance with price fixed in the agreement.

The defendant contends that a reduction of the amount claimed should be made for the work done by Shaw in correcting the defects in the work of the plaintiffs. The work performed by Shaw, we do not find, was done in remedying or correcting the work of the plaintiffs, and the deduction asked therefor will not be allowed.

Counsel for defendant contends that the charge of $51.70 for extra work claimed by plaintiffs should be disallowed. This work was not covered by the contract, which plaintiffs explain was done by them to keep on good terms with defendant, who had refused to pay them for their services. The court allowed this claim, and we do not think it should be denied.

A further deduction is asked for the work performed by Piggott, who testifies that his services were rendered in correcting the work previously done so that the Great Southern Lumber Company would permit the required connection with their plant. The testimony given by Piggott shows that there were defects in the original work which rendered his services necessary, and there is no contradictory evidence to justify a refusal for a reduction of the claim of plaintiffs on this score.

It appears, however, that it was permissible up to January, 1929, to install three black wires under the fire prevention bureau regulations. Plaintiffs had therefore the right, when they performed the work in October, 1928, to install three black wires in the building, from which it follows that defendant has no right to charge for the white wire put in the hotel by Piggott.

As we understand the account filed to show the materials put in by Piggott under his contract to correct the defects in the building, a charge of $17.01 is carried

on the account for the white wire or wires furnished.

This amount must be deducted from the $289.29 amount paid by defendant to Piggott. This leaves a balance of $272.28 on that amount, which must be deducted from the sum decreed against defendant, and the judgment must be accordingly amended in that respect.

It is therefore ordered and decreed that the judgment be and is hereby amended by reducing it to the sum of $473.13, and, as thus amended, it be affirmed, with cost.

LECHE, J., not participating.