HAYES, et al. *v.* TAYLOR.

Feb. 4, 1952.

No. 38198 (56 So. (2d) 503)

**E. J. Ford, Jr.,** for appellant.

**Earle L. Wingo,** for appellee.

**Alexander, J.**

Appellant brought suit upon a sworn account against appellee for a balance due upon the purchase of a truck. The suit was filed September 3, 1949. Summons was served upon the defendant the following day, returnable to a term of the Circuit Court of Perry County, beginning September 12th. There was no answer or other plea filed by the defendant. On September 13th a judgment was taken for the amount sued for.

There was no other action taken at that term. On March 21, 1950, the defendant filed his motion to set aside the judgment. The order thereon was based upon the assigned ground that the plaintiff failed to set forth in the body thereof that the defendant was a resident citizen of Perry County, Mississippi.

Unless the omission referred to failed to confer jurisdiction upon the trial court thereby rendering its judgment void, the former judgment by default must be upheld. ██ █ A default judgment upon timely process is a final judgment and subject to all the incidents of a judgment rendered upon full contest. As such, it may not be set aside after the expiration of the term at which it was rendered. Alabama & V. R. Company v. Bolding, 69 Miss. 255, 13 So. 844; Code 1942, Section 1544; Strain v. Gayden, 197 Miss. 353, 20 So. (2d) 697.

We pass then to the matter of jurisdiction. The declaration was styled in the margin as follows:

"State of Mississippi                    In the Circuit Court
County of Perry                          September 1949 term
Hayes Produce Company, a partnership composed of Vernon D. Hayes and Mrs. Evalyn E. Hayes, City of Gulfport, Harrison County, Plaintiff
Versus No. 1337
Kermit R. Taylor, an adult resident citizen of the Town of Janice, Perry County, Missssippi, Defendant''.

The declaration concluded in the following language: "a partnership composed of Evalyn E. Hayes and Vernon D. Hayes, demands judgment against the Defendant, Kermit R. Taylor," etc. The affidavit to the account set out that the action was against Kermit R. Taylor and that the merchandise was sold to him. ██ Venue need not be stated in the body of the declaration. Code 1942, Section 1465. See also Henry v. Spitler, 67 Fla. 146, 64 So. 745; Richardson v. Newman, 12 La. App. 646, 126 So. 575; Intercoastal Lumber Distributors, Inc., v. Derian, 117 Pa. Super. 246, 178 A. 350. ██ The court had jurisdiction over the person and the subject matter, and in the absence of a motion to transfer the cause to the county and residence of the defendant, the court had full authority to enter judgment. Henderson v. Grantham, 148 Miss. 521, 114 So. 323.

The judgment appealed from is reversed and judgment entered here in accordance with the judgment by default.

Reversed and judgment for appellant.

Hall, Lee, Kyle and Arrington, JJ., concur.