DIXON *v.* GREEN, d.b.a. GRENADA READY-MIX CONCRETE COMPANY, et al.

No. 41647          March 13, 1961          127 So. 2d 662

*Leon E. Provine,* Grenada, for appellant.

206

*Beach, Davidson & Beach, Jackson,* for appellees.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

Appellant argues that the Workmen's Compensation Commission was in error in refusing to set aside a compromise settlement of a workmen's compensation claim, to re-examine the extent of his disability, under Sec. 21, Miss. Code 1942, Rec., Sec. 6998-27, and award further compensation. We have carefully reconsidered this record, and conclude that our original judgment should stand, affirming the order of the Commission and judgment of the circuit court. Hence the suggestion of error is overruled, but the original opinion herein is withdrawn, and this one inserted in its place.

Appellant sustained an injury on May 29, 1957, while working for appellee Green, moving concrete culvert pipes. Apparently he suffered a subarachnoid hemorrhage, probably resulting from an arterial aneurysm. He was hospitalized, and the insurance carrier paid medical expenses and temporary total disability for fifteen weeks, to September 11, 1957. After negotiations between claimant and the insurance carrier, appellant and appellees filed with the Commission on April 21, 1958, a joint petition for approval by the Commission of a compromise settlement of his claim. The petition set up the facts, and alleged the claim was a questionable and doubtful one as to any causal connection between claimant's employment and his remaining disability. The parties agreed to settle the matter by payment of $1,000 to claimant in a lump sum. Attached to the petition was a "Settlement Agreement and Release", dated April 18, 1958, and signed by claimant. The petition asked the Commission to approve that agreement. Hon. John Craig, Chairman of the Commission, discussed the matter personally with Mr. and Mrs. Dixon around April 20. There was some correspondence concerning the proposal. Craig advised them fully of their rights and urg-

ed them to be certain that they intended to settle the matter in full. This was the Commission's practice before approving a settlement. Appellant wanted to go ahead with it, so on April 29, 1958, the Commission entered an order reciting the facts and approving the compromise settlement. Thereafter appellant was paid and accepted the $1,000 agreed upon, as approved by the Commission.

On January 21, 1959, claimant filed a petition with the Commission, which sought to set aside the Commission's order of April 29, 1958, and to reopen his claim for further compensation and redetermination of his disability. There was a hearing before the attorney-referee. He concluded that the compromise agreement and the Commission's order approving it were valid under Sec. 9(i) of the Act. Hence appellant's petition to reopen the case was dismissed, thereby sustaining appellees' motion to dismiss. The Commission and the circuit court affirmed that action.

The Commission's approval of the compromise settlement of appellant's claim was sufficiently based upon Sec. 9(i) of the Act, being Code Sec. 6998-15. It provides: "Rules of the commission shall govern compromise payments where the prescribed schedules are not applicable and which in its discretion may be made in cases where it is not possible to determine the exact extent of disability, as for example in certain injuries to the back or head. Commutation and lump sum settlement payments shall be governed by rules of the commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the commission having final authority in such questions."

The prescribed schedules were not applicable here. The Commission found it was not possible to determine the exact extent of disability to claimant's back and head. The record reflects that appellant was well

aware of the existence of a doubtful claim as to whether he still had a compensable disability, connected with the accident; or whether the employment injury had ended and there remained only a condition predating the accident. One of the members of the Commission talked with claimant about the effect of a settlement. He knowingly signed the application for a compromise settlement, and the agreement, with full cognizance of its import. The Commission reviewed in detail the petition for settlement, and approved it. Appellant failed to show any fraud by appellees or unfair advantage by them. He knew what he was doing. Hence the Commission was manifestly correct in refusing to set aside its order of approval and the compromise.

For these reasons we do not reach the question of whether Sec. 21 of the Act, authorizing reopening of a compensation case for changed conditions or mistake, could apply under other and different circumstances. Code Sec. 6998-27. Certainly it could not apply here. See Dunn, Miss. Workmen's Compensation Law (1957), Sec. 211.

Suggestion of error overruled.

All Justices concur, except *Rodgers, J.,* who took no part.