# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-IA-01686-SCT

*RICKEY WILKERSON AND PHENIX*
*TRANSPORTATION, INC.*

*v.*

*RONNIE GOSS AND PAMELA GOSS*

DATE OF JUDGMENT:                       10/21/2011
TRIAL JUDGE:                            HON. DAVID SHOEMAKE
COURT FROM WHICH APPEALED:   SMITH COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANTS:     JAMES F. NOBLE, III
                                     ROSS R. BARNETT, JR.
ATTORNEYS FOR APPELLEES:      S. WAYNE EASTERLING
                                       JOHN RAYMOND TULLOS
NATURE OF THE CASE:               CIVIL - OTHER
DISPOSITION:                            REVERSED AND REMANDED - 05/16/2013
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    Ronnie and Pamela Goss filed suit against Rickey Wilkerson and Phenix Transportation, Inc. ("Defendants"), in the Chancery Court of Smith County, Mississippi, alleging that "Rickey Wilkerson fraudulently induced the plaintiffs to settle their workers' compensation claims and to release all claims against Phenix Transportation, Inc." in return for $65,000. The Gosses further alleged that Wilkerson knew, or should have known, that the checks would not clear due to insufficient funds. The Gosses did not allege any specific

facts in their complaint nor have they presented any cognizable evidence to establish venue in Smith County.

¶2. Defendants timely answered the complaint, including in their answer a motion to dismiss or, alternatively, to transfer jurisdiction and venue. Defendants argued that the Gosses' claims were legal in nature and were improperly brought in chancery court. Defendants also argued that venue was not proper in Smith County because Wilkerson resides in Scott County and Phenix has its principal place of business in Scott County. Defendants further argued that venue was not proper because no substantial act or omission or substantial event that allegedly caused the injury occurred in Smith County. The Gosses never filed a response to Defendants' motion.

¶3. The chancery court heard oral argument on Defendants' motion. No transcript exists of this hearing. The chancery court found that the settlement checks and other documents were sent to the Gosses in Smith County, and the Gosses attempted to negotiate the checks in Smith County. Therefore, the chancery court concluded that venue was proper in Smith County because the "cause of action *occurred/accrued* in Smith County, Mississippi." The chancery court also found that the Gosses' claims were "more legal than equitable in nature" and transferred the case to the Circuit Court of Smith County.[1]

¶4. After the chancellor entered his order denying Defendants' motion to transfer venue, Defendants sought permission to file an interlocutory appeal, which we granted.[2] On appeal,

[1]The parties have not appealed the chancery court's decision that the Gosses' claims are more legal than equitable in nature.

[2]Although Defendants alternatively had moved the chancellor to dismiss the Gosses' claims, the chancellor did not address the motion to dismiss in the order appealed from, and

Defendants argue that the chancery court erred in denying their motion to transfer venue because (1) the chancellor relied upon facts to establish venue that the Gosses did not plead in their complaint; (2) the chancellor relied upon an earlier version of Mississippi's venue statute; and (3) venue is proper only in Scott County, as Defendants are residents of and have their principal place of business in Scott County. The Gosses argue on appeal that the chancellor was correct in finding that venue is proper in Smith County, because that is where they received the settlement checks.

## DISCUSSION

¶5. We review "a trial court's grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed de novo."[3]

¶6. Mississippi's general venue statute, Mississippi Code Section 11-11-3, reads in pertinent part as follows:

> (1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial *alleged* act or omission occurred or where a substantial event that caused the injury occurred.[4]

---

the Defendants did not petition for interlocutory appeal on any issue other than venue.

[3]*Laurel Ford Lincoln-Mercury, Inc. v. Blakeney*, 81 So. 3d 1123, 1125 (Miss. 2012) (citations omitted).

[4]Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2004) (emphasis added). The dissent would find that a discussion of venue under our general venue statute is premature without a discussion of whether venue is controlled by our Workers' Compensation Act ("the Act"). Dis. Op. at ¶17. We disagree. It is well-settled that claims "based on tortious conduct subsequent to the work place injury," such as the Gosses' claim for fraudulent inducement to settle Ronnie Goss's claim, fall within "recognized exceptions" to the exclusivity of the

3

The Mississippi Legislature amended Section 11-11-3 in 2004, "to set venue where substantial acts or events causing the injury *occurred*, not where the cause of action *accrued*, as was permissible under the former statute."[5] There is no dispute that Wilkerson lives in Scott County and that Phenix's principal place of business is in Scott County; therefore, venue is proper in Smith County only if that county is "where a substantial *alleged* act or omission *occurred* or where a substantial event that caused the injury *occurred*."[6]

¶7.    The Gosses' complaint was filed in May 2010; therefore, the amended version of the statute clearly governs this case. However, the chancery court denied Defendants' motion to transfer venue because the "cause of action *occurred/accrued* in Smith County." The chancery court clearly erred to the extent it based its decision on where the cause of action *accrued*, which was permissible only under Mississippi's former venue statute. As the chancery court's order was equally based on its determination that the Gosses' cause of

---

Act. ***Mississippi Power & Light Co. v. Cook***, 832 So. 2d 474, 479 (Miss. 2002) (quoting ***Peaster v. David New Drilling Co.***, 642 So. 2d 344, 348 (Miss. 1994)). This is because "[t]he independent tort is not compensable under our [Act] and to extend immunity to compensation carriers for separate injury to workers goes far beyond the intent of the [A]ct." ***Southern Farm Bureau Cas. Ins. Co. v. Holland***, 469 So. 2d 55, 59 (Miss. 1984). *See also* ***McCain v. Northwestern Nat'l Ins.***, 484 So. 2d 1001 (Miss. 1986); ***Miller v. McRae's, Inc.***, 444 So. 2d 368, 371 (Miss. 1984). Furthermore, the Gosses also allege that they were fraudulently induced to settle Pamela Goss's claim, which is not compensation related and clearly is not within the exclusivity provision of the Act. Because the Gosses' claims are based on an intentional tort that is an exception to the exclusivity of the Act, we find that the chancery court properly applied the general venue statute in this case.

[5]***Medical Assurance Co. of Mississippi v. Myers***, 956 So. 2d 213, 217 (Miss. 2007) (emphasis in original).

[6]Miss. Code Ann. § 11-11-3(1)(a)(i) (emphasis added).

action *occurred* in Smith County, we discuss whether the Gosses have shown that venue is proper in Smith County under the requirements of the current statute.

¶8. Mississippi Code Section 11-11-3 is a plain and unambiguous statute that should be applied according to its plain meaning.[7] "Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue."[8] To determine if a plaintiff's choice of venue is proper, "[i]t is necessary to begin with the 'well-pleaded allegations of the complaint[,]'" which may be supplemented by affidavits or "any 'other evidence in cognizable form.'"[9] Our venue statute "lays out four venue options from which plaintiffs can choose when filing a lawsuit."[10] While the first two options are based upon where the defendant resides or, if defendant is a corporation, where it has a principal place of business, the second two are based upon where the acts or omissions giving rise to the plaintiff's claim

---

[7]*Hedgepeth v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008).

[8]*Id.* (citations omitted).

[9]*Park on Lakeland Drive, Inc. v. Spence*, 941 So. 2d 203, 207 (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992)). To reiterate, we begin with the pleaded allegations of the complaint, which may be supplemented by affidavits or other cognizable evidence. Therefore, a plaintiff may plead facts to support his choice of forum in his complaint *or* present other cognizable evidence for the court to consider – we do not hold that a plaintiff must do both. Furthermore, it is well-settled that a plaintiff's choice of venue will be sustained *unless* there is *no credible evidence* supporting that choice. A defendant seeking to transfer venue is not going to produce evidence to support the plaintiff's choice. Therefore, if the plaintiff wishes to defeat a motion to transfer venue, it follows that he or she should be prepared to present some *credible evidence* supporting his or her choice of forum.

[10] *Hedgepeth,* 975 So. 2d at 238.

occurred.[11]  Thus, in addition to where a defendant resides or has a principal place of business, the Gosses could have filed suit "where a substantial alleged act or omission occurred" or "where a substantial event that caused the injury occurred."[12]

¶9.     Furthermore, "even if an act or omission did not cause the injury, it can nevertheless establish venue if it is both *substantial* and *alleged* by the plaintiff."[13]  But, in this case, the Gosses did not allege in their complaint and the record does not reveal any affidavits or any other cognizable, credible evidence that would support the chancery court's finding that the Gosses received the checks in Smith County or that the checks were dishonored in Smith County.[14]  Therefore, we find that the chancery court erred in relying upon facts to support

---

[11]*Id.*

[12]*Id.*

[13]*Myers*, 956 So. 2d at 218 (emphasis in original).

[14]The dissent would rely on documents presented to this Court in Defendants' petition for interlocutory appeal and on statements allegedly made at the hearing, for which we have no record.  Dis. Op. at ¶¶ 27-29.  However, these documents were not filed in the trial court and the hearing was not transcribed; therefore, they are not part of the record on appeal. *See* Miss. R. App. P. 10(a) ("the record shall consist of designated papers and exhibits filed in the trial court, the transcript of proceedings, if any, and in all cases a certified copy of the docket entries prepared by the clerk of the trial court").  On appeal, we are limited to a review of the trial court record, and for good reason.  To allow parties to introduce documents and facts at the appellate level, through petitions for interlocutory appeal or otherwise, without making a record at the trial-court level would no doubt result in parties attempting to slip in new evidence through the back door, and would needlessly complicate the appellate process. Furthermore, our rules provide methods for parties to supplement the record when no transcript is available and to correct or modify the record; however, these steps were not taken in this case. *See* Miss. R. App. P. 10(c), (e).  Because the documents attached to the petition for interlocutory appeal were not made part of the record below, and no statement in lieu of a transcript from the hearing was filed with the trial court in accordance with Miss. R. App. P. 10(c), we cannot rely on the documents or statements allegedly made at the hearing.

his ruling which, even if taken as true, were neither alleged in the Gosses' complaint nor supported by cognizable evidence.

¶10.     Notwithstanding the fact that there is no record support for the allegations upon which the chancellor based his order, we find that the allegations would not support a finding of venue in that county even if properly supported by cognizable, credible evidence. We recently addressed venue in a case involving facts similar to the instant action.[15] In **Myers**, the plaintiff, a physician located in Holmes County, argued that his insurer, a Madison County business, had violated a statutory duty to renew his insurance.[16] The plaintiff filed an action against his insurer in the Chancery Court of Holmes County, and the insurer moved to transfer venue to Madison County.[17]

¶11.     The chancellor found that venue was proper in Holmes County in part because the plaintiff had completed his insurance application in Holmes County, the premiums were mailed from Holmes County, there were communications between the plaintiff and the insurer when the plaintiff was in Holmes County, the plaintiff had mailed letters to and received letters from the insurer in Holmes County, and the insurer had mailed the letter advising his coverage would not be renewed to the plaintiff in Holmes County.[18]

---

[15]**Myers**, 956 So. 2d at 218.

[16]**Id.** at 214.

[17]**Id.** at 215.

[18]**Id.** at 218.

¶12.    On interlocutory appeal, we noted that the plaintiff's basis for his cause of action was the insurer's decision not to renew his insurance.[19] We found little relevance in the plaintiff's claims that he had completed an application for insurance in Holmes County or had mailed letters from that county, concluding that the plaintiff "is suing [his insurer] based on the company's own acts or omissions, all of which occurred in Madison County."[20] We further found that "the location of the mailbox where [the plaintiff] received his policy, non-renewal notice, or other communication from [his insurer] is likewise immaterial."[21] We concluded that the plaintiff's "receipt of information in Holmes County is a passive function of his presence there and not a substantial event causing the damages he claims."[22]

¶13.    We additionally found that, even though the plaintiff claimed he was damaged when he "experienced" being uninsured in Holmes County, "this could be the *result* of substantial acts, omissions, or injury-causing events which occurred in Madison County alone."[23] We explained that "the venue statue does not allow the piling of acts or events to establish venue. It specifically requires a substantial alleged act, omission, or injury-causing event to have

---

[19] *Id.* at 219.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* (emphasis in original).

8

happened in a particular jurisdiction in order for venue to be proper there."[24]  We ultimately determined that venue was not proper in Holmes County.[25]

¶14.   In this case, the Gosses' basis for their lawsuit is the alleged fraudulent inducement to settle their claims.  They do not argue that fraudulent acts occurred in Smith County, that they entered into the settlement agreement in Smith County, or that either defendant ever committed a fraudulent act or omission, or ever was physically present, in Smith County. Rather, they argue that they received fraudulent documents in Smith County and that they experienced having a check dishonored in Smith County.  We find that, just as in *Myers*, the Gosses' mere receipt of the documents in Smith County was a "passive function" of their presence there and not a substantial event causing the damages they claim.

## CONCLUSION

¶15.   For the forgoing reasons, we find that the Chancery Court of Smith County erred in its interpretation of Mississippi Code Section 11-11-3 and in denying Defendants' motion to transfer venue.  We reverse and remand this case to chancery court for entry of an order transferring the case to the Circuit Court of Scott County.[26]

---

[24]*Id.  See also **Hedgepeth v. Johnson**, 975 So. 2d 235, 239 (Miss. 2008).

[25]*Myers*, 956 So. 2d at 220.

[26]The dissent finds that venue is proper in either Scott or Hinds County and would remand this case for the Gosses to select from the two permissible venues.  Dis. Op. at ¶34. It is true that a plaintiff who files a case in an improper venue shall have the right to choose between permissible venues if the action could have properly been filed in more than one court.  Miss. R. Civ. P. 82(d).  However, in this case, the Gosses failed to make any allegations and the record does not contain any cognizable evidence regarding where the alleged fraudulent settlement negotiations occurred. Therefore, we cannot say with certainty where the alleged fraudulent inducement occurred, and Scott County is the only proper venue based on the allegations and evidence presented to the trial court.

¶16.     **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR.  KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶17.     While the only proper venue *may* be Scott County, this decision cannot be made on the record before us, and I respectfully disagree with the analysis by which the majority opinion reaches this conclusion.  In reversing the trial court and ordering a transfer of venue to the Scott County Circuit Court, my learned colleagues in the majority disregard the defendants' petition for interlocutory appeal and the attached documents, finding that they are not part of the record.  Moreover, I respectfully disagree with the majority's interpretation of the law governing motions to transfer venue.  Notwithstanding my disagreements with the analysis, this issue is premature without a determination of whether subject matter jurisdiction and venue are governed by the Mississippi Workers' Compensation Act.  Thus, I would remand the case for further proceedings to consider these statutory provisions before applying the general venue statute, Section 11-11-3 of the Mississippi Code.  Should it be necessary for the trial court to apply Section 11-11-13, the court should apply the current version of the statute in light of all the relevant facts and allegations, including the defendants' contention that venue also may be proper in Hinds County.  For these reasons, I respectfully dissent.

*Jurisdiction and the Workers' Compensation Act*

¶18.     "It is the first and one of the most important of all the duties of courts to see to it, before proceeding in any case, that the court has jurisdiction both of the subject matter and

10

of the parties." ***Broom v. Bd. of Supervisors of Jefferson Davis County***, 171 Miss. 586, 158 So. 344, 345 (1934). Courts are not relieved of this duty if the parties fail to raise the issue; and like trial courts, we are bound by duty to decide a question of jurisdiction, even if we must raise the issue *sua sponte*. ***Common Cause of Miss. v. Smith***, 548 So. 2d 412, 414 (Miss. 1989); ***Waits v. Black Bayou Drainage District***, 186 Miss. 270, 185 So. 577, 578 (1939). This well-established, nondelegable duty is no different when a case is before us on interlocutory appeal and the parties have failed to raise any jurisdictional error. *See **Miss. Mun. Liability Plan v. Jordan***, 863 So. 2d 934, 941 ("While we normally limit our review to specific issues presented by the parties, that limitation is one of expedition and not jurisdiction. . . . Interlocutory appeals are no different.")[27]

¶19. A challenge to subject matter jurisdiction may be facial or factual. ***Roman Catholic Diocese of Jackson v. Morrison***, 905 So. 2d 1213, 1220-22 (Miss. 2005). A facial attack challenges the court's jurisdiction as a matter of law, and the allegations in the complaint are taken as true. *Id.* at 1220-21. The court looks to the face of the complaint to ascertain the nature of the controversy and the relief sought. ***RAS Family Partners, LP v. Onnam Biloxi***, LLC, 968 So. 2d 926, 928 (Miss. 2007). Whatever the particular language employed by the plaintiffs, the nature of the case is determined by the substance of the claim and not the form. ***Trustmark Nat'l Bank v. Johnson***, 865 So. 2d 1148, 1151 (Miss. 2004). A factual attack,

---

[27]Nevertheless, it is worth noting that the defendants raised the jurisdictional question in the same pleading which sought a transfer of venue. The notice of hearing filed by the defendants announced that the hearing would address their motion to *dismiss*. The hearing was not transcribed, and the order did not address any of the defendants' arguments for dismissing the case. For reasons unknown, the trial court limited its ruling to the motion to transfer venue.

11

on the other hand, goes beyond the face of the complaint and requires resolution of a disputed fact, for example, when there is a question regarding diversity jurisdiction in federal court. *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1221 n.4 (Miss. 2005); 28 U.S.C. § 1332. When there is a factual attack on jurisdiction, the plaintiff must prove jurisdiction by a preponderance of the evidence. *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 822 (Miss. 2009). This case potentially could fall under either category; but that is a matter to be addressed on remand.

¶20. As noted in the majority opinion, the plaintiffs alleged in their complaint that they were fraudulently induced to settle their workers' compensation claims, contending that Wilkerson knew, or should have known, that the settlement checks would be issued from an account that lacked sufficient funds. The plaintiffs prayed for actual damages in the amount of the settlements, punitive damages, and general relief. From the documents attached to the plaintiffs' petition for interlocutory appeal, we learn that the damages claimed by Pamela Goss were $15,200 more than the compromise settlement approved by the Commission and that this additional amount represented a settlement for a non-workers' compensation claim. The nature of the claim underlying the settlement is unknown. The majority correctly notes that Pamela's additional settlement would not be governed by our workers' compensation statutes. Maj. Op. n.4. Yet, this would not give a court jurisdiction over this entire case. The plaintiffs cannot manipulate jurisdiction by adding Pamela's non-workers' compensation claims to the complaint, and any claim related to this settlement is a separate matter. The complaint gave no indication that the settlement amounts were for anything other than

12

workers' compensation claims. This is but another issue that should be developed on remand.

¶21. Based on the allegations in the complaint and the limited record before us, the nature of the claim is far from clear. The plaintiffs alleged that they were fraudulently induced into settling, but the actual damages sought via the complaint do not exceed the settlement amounts. The complaint did not allege that the plaintiffs suffered any damages beyond the sum of the dishonored checks; thus there appears to be no basis for punitive damages. Accordingly, any and all issues regarding the workers' compensation settlements would be governed by the provisions of the Workers' Compensation Act.

¶22. Considering that the alleged compensatory damages do not exceed the amount of the award, the relief sought by the plaintiffs is susceptible to two interpretations. If the plaintiffs' ultimate goal was to set aside the settlement, the Commission has the power to reopen a case under limited circumstances, for example, when compromise settlements are induced by fraud, as alleged here. Miss. Code Ann. § 71-3-53 (Rev. 2004); *Bailey Lumber Co. v. Mason*, 401 So. 2d 696 (Miss. 1981); *Dixon v. Green*, 240 Miss. 204, 127 So. 2d 662 (Miss. 1961). The parties having submitted to the Commission's jurisdiction, the Commission is the only body with the authority to set aside or otherwise disturb the award, as the Commission has continuing jurisdiction over compromise settlements. Miss. Code Ann. § 71-3-53.

¶23. On the other hand, it is reasonable to interpret the complaint as an attempt to enforce the settlement. If an employer defaults on a payment of workers' compensation, Mississippi Code Section 71-3-49 provides a remedy by means of an entry of judgment in circuit court.

13

In that case, a circuit court would have limited jurisdiction, and Section 71-3-49 would control venue. That section requires that the interested party file a certified copy of the Commission's order with the circuit clerk of the county "in which the injury occurred or in the county in which the employer has his principal place of business." **Id.** The record reveals that the Gosses were injured in California; thus, Scott County, as the employer's principal place of business, would be the only proper venue. Of course, to invoke this statute, the employer's payment must be thirty days in default, and the record supports the defendants' contention that the plaintiffs' complaint was filed before thirty days had passed. This presents yet another issue to be considered on remand.

¶24. The majority says, in a footnote, that the Gosses' claims are "clearly" excepted from the Workers' Compensation Act because the complaint alleged tortious acts occurring after the workplace injury. Maj. Op. n.4. Undoubtedly, this Court has held that certain claims are not barred by the exclusivity of the available remedies under the Workers' Compensation Act. *Miller v. McRae's, Inc.*, 444 So. 2d 368, 372 (Miss. 1984). However, the type of claims alleged in those cases cited by the majority are for intentional tortious conduct causing damages that are beyond the Commission's power to award. For example, *Mississippi Power & Light Co. v. Cook*, 832 So. 2d 474 (Miss. 2002), and *Southern Farm Bureau Casualty Insurance Co. v. Holland*, 469 So. 2d 55 (Miss. 1984), involved claims for bad-faith refusal to pay legitimate claims. In both cases, the alleged refusals to pay either delayed the compromise settlements or induced the plaintiff to settle for less than his or her claim was worth. As a result, the plaintiffs incurred actual damages *beyond* the amount of the final workers' compensation award, damages which the Commission did not have the authority

14

to address. *Cook*, 832 So. 2d 474 (action in tort permissible when injuries allegedly caused by insurer's bad-faith handling of employee's claim were not compensable under the Workers' Compensation Act); *Holland*, 469 So. 2d 55 (action in tort permissible when insurance company's intentional and bad-faith refusal to pay allegedly forced employee to agree to inadequate settlement). *Miller,* 444 So. 2d 368, involved a claim against the employer for false imprisonment, a tortious act for which the Commission could not grant relief. In *McCain v. Northwestern National Insurance Company*, 484 So. 2d 1001, 1002 (Miss. 1986), this Court held that an employee's claim against his employer's insurer for intentional and bad-faith breach of a settlement contract was sufficient to survive a motion to dismiss for failure to state a claim.

¶25. Lastly, in *Peaster v. David New Drilling Co., Inc.*, 642 So. 2d 344, 346 (Miss. 1994), the employee filed an action seeking damages based on the employer's alleged failure to repair brakes on tractors and trailers operated by employees. On appeal, this Court held that the claim was barred because the workplace injury was a direct result of the alleged conduct, and because the employer's actions were, at most, grossly negligent and not intentional. *Id.* at 346. As in *Peaster*, the defendants in the present case also argued before the trial court that the conduct alleged in the complaint was merely negligent and not the result of an intentional act.

¶26. In sum, the Workers' Compensation Act does not bar an employee from pursuing a common law remedy for an injury caused by an intentional act that occurred after the workplace injury and when the Commission lacks the authority to remedy the alleged wrong. *Cook*, 832 So. 2d at 179 (citing *Peaster*, 642 So. 2d 344 at 348). While the Gosses alleged

15

intentional, tortious conduct, *i.e.*, fraudulent inducement, the particular language used to describe the defendants' conduct is not determinative. The nature of the case is determined by the substance of the claim and not the form. ***Trustmark***, 865 So. 2d at 1151. Because the complaint does not assert that any injury was caused by the defendants' alleged tortious conduct, I cannot agree with the majority's conclusion that the plaintiffs clearly allege an independent tort that is excepted from the exclusivity of the Workers' Compensation Act. The true nature of the plaintiffs' claim is uncertain, and the trial court should address the defendants' jurisdictional arguments and determine whether the Workers' Compensation Act is the only avenue for relief.

*Venue under Section 11-11-3*

¶27.    To be clear, I fully agree that, as a question of law, venue is not proper in a county simply because that county is where the plaintiffs received certain documents related to a fraudulently induced agreement or because the plaintiffs learned that they had been defrauded while they were present in that county. *See e.g.*, ***Laurel-Ford Lincoln Mercury, Inc. v. Blakeney***, 81 So. 3d 1123 (Miss. 2012). However, I simply cannot speculate on the application of our general venue statute without any certainty regarding the nature of the injury and the relief sought. The plaintiffs' choice of venue may be disregarded "in the end," but we are not yet there. ***Flight Line, Inc. v. Tanksley***, 608 So. 2d 1149, 1155-56 (Miss. 1992).

¶28.    Finding that the plaintiffs' claims are sufficiently clear to determine that the general venue statute applies, the majority provides two alternate analyses for its disposition: (1) that the plaintiffs neither pled nor proved facts to support their choice of venue; or (2) assuming

16

those facts were pled and/or proved, they do not support Smith County as a proper venue under Section 11-11-13. Regarding the first line of reasoning, I disagree with the majority's finding that the chancellor abused his discretion by basing his findings of fact on unpled allegations that were not supported by "cognizable, credible evidence." A nonmoving plaintiff is under no obligation to provide "cognizable, credible evidence" for its choice of venue to defend against a pretrial motion when the defense has provided this evidence, and the only matter before the trial court is the application of a statute. When this Court has applied the concept of "cognizable evidence" to venue transfers, it is in cases involving motions to transfer for cause. For example, certain evidentiary burdens are placed on defendants moving to transfer venue for prejudice or for fraudulent joinder of another defendant. *See* Miss. Code Ann. § 11-11-15 (procedure for motions to transfer venue because of prejudice or undue influence that would impair movant's right to a fair and impartial trial); ***Park on Lakeland Drive, Inc. v. Spence***, 941 So. 2d 203, 206-08 (Miss. 2006) (transfer of venue based on fraudulent joinder of defendant warranted when plaintiff failed to assert a reasonable claim of liability against resident defendant).

¶29.    Curiously, the majority states that the record does not contain "evidence that would support the chancery court's finding that the Gosses received the checks in Smith County." Maj. Op. ¶ 9. My review of the record indicates otherwise. Attached to the defendants' petition for interlocutory appeal are briefs and exhibits from the parties to the trial court. These documents are specifically referenced in the trial court's order denying transfer. In these documents, the parties allege and offer proof of various matters, but most importantly, the *defendants* affirmatively state that they mailed the settlement checks and release

17

documents to the plaintiffs' attorney in Smith County. In fact, the defendants themselves provided the trial court a copy of the cover letter showing that the documents were mailed to the city of Raleigh in Smith County, Mississippi. The plaintiffs' submitting the same documents would have served no purpose.

¶30. As for where the checks were dishonored, the defendants' petition for interlocutory appeal acknowledged the plaintiffs' argument at the hearing that the checks were presented to a bank in Smith County. The hearing was not transcribed, but there is no reason to question that the argument was made. In addition, the defendants' brief to the trial court stated that the plaintiffs "appeared at a Regions Bank to cash [the checks] and were informed at the time that Phenix's account had non-sufficient funds." While the parties seemingly dispute the location of the particular branch bank to which the checks were presented, it cannot be said that this allegation does not appear in the record.

¶31. The majority finds that anything not "filed in the trial court" that was submitted to this Court with the defendants' petition for interlocutory appeal cannot be considered part of the record and cannot be considered. Maj. Op. n.14 (quoting M.R.A.P. 10(a)). However, Rule 10(a) is not a limitation on the contents of the record; rather, it merely sets forth required contents. As recognized by Rule 10 and the comment, not all papers relevant to an issue on appeal are filed with the trial court. For example, Rule 10(b)(3) lists "matters excluded absent designation," and the comment states, "[b]ecause counsel customarily do not file trial court briefs with the clerk, briefs are not included in the (b)(3) list. Briefs do not normally belong in a record on appeal, unless necessary to show that an issue was presented to the trial court." In this case, briefs and supporting exhibits were given to the trial judge, and these

18

documents were filed with this Court as attachments to the defendants' petition for interlocutory appeal. It seems unreasonable to consider these documents for purposes of granting the petition for interlocutory appeal, yet ignore their existence when deciding the merits of the issue before us.

¶32. The majority opinion faults the chancellor for finding facts based on arguments that were not transcribed and on documents that did not pass through the court clerk. This position conflicts with the well-established rule that "[i]t must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view." *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973). Moreover, the *defendants* have the duty to ensure "that the record contain[s] all data essential to an understanding and presentation of matters relied upon for reversal on appeal." *Pratt v. Sessums*, 989 So. 2d 308, 309-10 (Miss. 2008) (quoting *Shelton,* 279 So. 2d at 644). Long ago we applied this rule to a venue dispute on appeal:

> If any default attaches to the failure of the record herein to set forth the evidence on which the change of venue was granted, it must be attributed to the appellant, for the appellee was not concerned therewith, as he, of course, is satisfied with the order entered thereon. Moreover, the evidence not appearing in the record, we must assume that it supports the allegations of the petition.

*Humphreys County v. Cashin*, 128 Miss. 236, 90 So. 888, 891 (Miss. 1922).

¶33. As for the majority's second line of reasoning, the majority notes that the plaintiffs did not specify where they received the settlement checks and where the checks were dishonored. The majority cites *Medical Assurance Company of Mississippi v. Myers*, 956 So. 2d 213, 218 (Miss. 2007); but I read that case to say that venue could not be established

19

on *acts, omissions, or events* not alleged in the complaint, not that a complaint must allege *where* such acts, omissions, or events took place. ***Id.*** ("Dr. Myers's complaint does not allege that his decision not to give [the defendant's] risk management team full access to his practice, including his practice in Holmes County, contributed to his claim. Thus, that fact – even if true – does not meet the 'alleged' portion of the test.").

¶34. In the present case, the complaint alleged that the plaintiffs were fraudulently induced into settling a case when the defendants knew the settlement checks would be dishonored. Yet, the plaintiffs were not required to justify their choice of venue by affirmatively pleading *where* every alleged act, omission, or event occurred. *See e.g.*, M.R.C.P. 8(a) (A complaint shall contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled."); M.R.C.P. App. A Forms 2-21 (providing suggested forms for complaints, none of which includes a specific averment for venue). *See also **Estate of Stevens v. Wetzel***, 762 So. 2d 293, 295 (Miss. 2000) (noting that under Rule 8, "it is only necessary that the pleadings provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought") (citation omitted)). Indeed, before this Court adopted Rule 8 of the Mississippi Rules of Civil Procedure, which abolished various technical requirements of pleadings, we recognized that "[v]enue need not be stated in the body of the declaration." ***Hayes Produce Co. v. Taylor***, 213 Miss. 217, 219, 56 So. 2d 503, 504 (1952) (citing Miss. Code § 1465 (1942)).

¶35. Rule 9(f) is the only rule of civil procedure requiring a complaint to allege a particular place, but this rule is limited to those cases where time and place are material to the

sufficiency of a pleading. M.R.C.P. 9(f) ("For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.") For example, the location of the alleged harm is material in cases involving motions to sever multiple plaintiffs under Rule 20 of the Mississippi Rules of Civil Procedure. *See Harold's Auto Parts, Inc. v. Mangialardi*, 889 So. 2d 493, 495 (Miss. 2004) (to defend a motion to sever in a mass-tort asbestos litigation, plaintiffs are required to provide "the name of the defendant or defendants against whom each plaintiff makes a claim, and the time period and location of exposure"). Place is also material when the cause of action is based on fraud, as fraud must be pled with particularity. M.R.C.P. 9(b); *Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996) ("The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated.") (quoting *Brabham v. Brabham,* 483 So. 2d 341, 342 (Miss. 1986)). While this case involves allegations of fraud, the majority does not address, and the defendants have not argued that the complaint for fraudulent inducement failed to plead the alleged fraud with sufficient particularity.

¶36. Finally, the majority finds that Scott County is the *only* proper venue, ignoring the defendants' concession that, because the settlements were approved by the Commission in Jackson, Hinds County, Mississippi, venue also would be proper in the First Judicial District of Hinds County. Rule 82 of the Mississippi Rules of Civil Procedure is simple and clear: "The plaintiff shall have the right to select the court to which the action shall be transferred in the event the action might properly have been filed in more than one court." M.R.C.P. 82 (d). Because the plaintiffs have a right to select among the permissible venues, *Hedgepeth*

21

*v. Johnson*, 975 So. 2d 235, 238 (Miss. 2008), the plaintiffs should have the opportunity to opt for transfer to Hinds County, if it is found to be a permissible venue. As for evidentiary support in the record, we have the Commission's orders approving the settlements signed by two commissioners, the Gosses' attorney, and Phenix's attorney, and duly attested by the secretary of the Workers' Compensation Commission. Even if we did not have these orders, this Court can take judicial notice that the Worker's Compensation Commission is located in Jackson, Mississippi, Hinds County, and that it was the Commission which approved the settlement, oversaw the proceedings leading up to the settlement, and to which the plaintiffs had submitted their claims. *See* M.R.E. 201. On remand, the trial court should consider *all* appropriate venues, rather than defaulting to the defendants' preferred choice.

*Conclusion*

¶37. "[A]ll courts must be constantly aware of questions of their jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion." *Dunaway v. Dunaway*, 749 So. 2d 1112, 1120 (Miss. Ct. App. 1999) (citing *Waits*, 185 So. at 578). Based on the record before us, it is questionable whether a court has subject matter jurisdiction over the plaintiffs' claims; and even if jurisdiction is proper, the next question is whether venue is governed by the Workers' Compensation Act, specifically Mississippi Code Section 71-3-49. Unless and until it is these questions are answered, application of the general venue statute, Section 11-11-3, is premature. For these reasons, I respectfully dissent and would remand the case with instructions to address these preliminary issues before considering the current general venue statute's application to this cause of action.

22

**KING, J., JOINS THIS OPINION.**